PEOPLE ex rel. ROTH et al. v. FITCH.

(Supreme Court, Special Term, New York County. April 3, 1895.)

CRIMINAL LAW—APPOINTMENT OF COUNSEL TO DEFEND PRISONER.

Code Cr. Proc. § 308, providing that the court may appoint counsel for destitute defendants charged with a crime punishable by death, and award proper compensation for "his" services so rendered, is broad enough, notwithstanding the use of the singular pronoun, to warrant the appointment by the trial court of more than one person as counsel, and such action is not subject to review on appeal.

Application for mandamus by the people of the state of New York on relation of H. L. Roth and others against one Fitch, comptroller of the city and county of New York, to compel the payment of an order. Granted.

T. G. Fennell, for relator.
Francis M. Scott, Corp. Counsel, for defendant.

BEEKMAN, J. One Teofil Tuckzwitz, having been indicted by the grand jury for the crime of murder in the first degree, was arraigned before the recorder, and, being without counsel, Henry D. Sedgwick, Jr., Amos H. Evans, and Herman L. Roth were assigned as such by the court. The case was transferred to the court of oyer and terminer, where it was tried before Mr. Justice Williams, the trial covering a period from February 15, 1895, to and inclusive of the 1st day of March, 1895. The defense of the prisoner was conducted by Messrs. Sedgwick and Roth only. On the 1st day of March, Judge Williams issued an order directing that $500 be paid out of the proper fund of the county to the counsel who conducted the defense as compensation for the services so rendered by them. A copy of this order has been presented to the comptroller of the city and county of New York, who has refused to make payment, on the ground that the city could not be required to pay for the services of more than one counsel in such a case. Section 308 of the Code of Criminal Procedure provides as follows:

"If the defendant appear for arraignment, without counsel, he must be asked if he desire the aid of counsel, and, if he does, the court must assign counsel.

When services are rendered by counsel in pursuance of such assignment, in a case where the offense charged in the indictment is punishable by death, the court in which the defendant is tried may, in its discretion, and upon satisfactory proof that such defendant is wholly destitute of means, award to such counsel reasonable compensation for his services, which shall be a charge upon the county in which the indictment in the action is found, to be paid out of the proper fund upon the certificate of the judge or justice presiding at the trial."

The portion of the above section which authorizes the assignment of counsel is broad enough to include as many persons as, in the judgment of the court making the assignment, may be necessary in order to secure a proper defense of the prisoner; and the action of the court in that regard is not subject to review. As is well known, the facts in capital cases are often exceedingly voluminous and very intricate, and it is only in exceptional cases that the prisoner relies upon the services of but one counsel. It is not to be presumed that the court will assign more counsel than the necessities of the prisoner require for the proper presentation of his defense. The matter is one which must rest in the discretion of the judge holding the court, acting in the light of the facts and circumstances of each particular case. It must, therefore, be assumed in the case at bar that the recorder, in making the assignment of counsel which he did, exercised a sound judgment, and that his direction in that regard was free from any improvidence. The contention of the counsel to the corporation is that because the section above quoted provides for the award to such counsel of a reasonable compensation for "his" services, the use of the singular pronoun requires a construction of the whole section, which limits the power of the court to the assignment of only one counsel. This is an exceedingly narrow and technical view, and subordinates the spirit and true intent of the section to the letter, contrary to the rule which requires that that construction shall prevail which expresses the legislative intent, gathered from the whole statute illuminated by the purpose which it seeks to accomplish. As has been already stated, the object of the statute is to provide counsel, at the public expense, for persons charged with the commission of capital offenses, but who are wholly destitute of means to employ and pay such counsel. In the absence of any provision in the statute in express terms limiting the power of the court, in making the assignment, to the selection of but one counsel, it is fair to assume that the legislature intended that the court should have the power to make the same provision for the prisoner in that regard which it would have been reasonable for him to do if he had employed and had the ability to pay counsel of his own selection. The court in this case, placing itself in the position of the prisoner, with knowledge of the nature of the charge which had been made against him and for which he had been indicted, has exercised its judgment, and selected the persons assigned as necessary to secure his proper defense upon the trial. As this is what the statute evidently intended to accomplish, it has wisely placed no limitation upon the court in the exercise of so important a function. The provision in which the singular pronoun above mentioned appears upon which the counsel to the corporation relies is one relating to the compensa-

tion of counsel, and is subordinate to the main provision which confers the power of assignment; and, although the singular pronoun is used, this circumstance is not sufficient in itself to control and limit the power of selecting more than one counsel, which, upon a reasonable construction of the section, the legislature intended to be exercised by the court. Reference in support of this construction is also made to the statutory construction law (chapter 677, Laws 1892), which is made applicable to every statute. Section 8 of that statute declares, among other things, as follows: "Words in the singular number include the plural, and in the plural number include the singular." The right to compensation does not measure the power of the court, but follows the exercise of the power which the court possesses. In view of the fact that the reason of the statute favors the exercise by the court of the broad power to which I have referred, and in the absence of any express limitation upon the exercise of the power, I am of the opinion that the construction for which the relators in this case contend is the proper one, and that a mandamus should issue, directed to the comptroller, requiring him to pay the counsel fee awarded by the court.

Motion granted, with $10 costs.