### PEOPLE v. HEISELBETZ.[1]

(Supreme Court, Special Term, Richmond County. February, 1898.)

1. TRIAL FOR MURDER—APPOINTMENT OF COUNSEL.
    Code Cr. Proc. § 308, providing that the court may appoint counsel for
    defendants, and award proper compensation for "his" services, in capital
    punishment cases, warrants the appointment of more than one person as
    counsel.

2. SAME—COMPENSATION OF COUNSEL.
    Code Cr. Proc. § 308, permitting the trial court to award a reasonable
    compensation for "his" services, not exceeding $500, for defending a person

[1] Dismissed on appeal. See 51 N. Y. Supp. 685.

indicted for a capital offense, warrants the allowance, in proper cases, of $500 to each of the counsel appointed.

Conrad Heiselbetz was indicted for murder in the first degree. Motion by the corporation to reduce the sums allowed to the attorneys for defendant. Denied.

John Whalen, for the People.

William M. Mullen, opposed.

KELLOGG, J.　On arraignment of defendant, indicted for murder in the first degree, Justice MADDOX, presiding, appointed two separate counsel to make his defense. These counsel are not associated in business, and both took active part in the defense, and the compensation allowed to each it is not claimed is disproportionate to the service rendered. After the trial the presiding justice certified and allowed to each of such counsel, in addition to his personal and incidental expenses, the sum of $500. This motion is made on the part of counsel for the corporation to reduce the sums so allowed so that the aggregate thereof shall not exceed $500; claiming that section 308 of the Code of Criminal Procedure limits the court to the appointment of one counsel, and, if not, then limits the compensation for all appointed to $500. The amendment of 1897 does no more than limit the compensation; otherwise, the language is the same as in the law as it was in 1895. It was held by Justice Beekman in People v. Fitch (Sup.) 51 N. Y. Supp. 683, that neither the use of the word "counsel," nor any other language used in section 308, could be interpreted as a limitation upon the number of counsel which the court should assign to defend; and I think he was right in that construction. Nor, in my opinion, does section 308, as it is now worded, limit in any manner the discretion of the court in this particular.

The next question is, where the court has appointed more than one counsel, is the compensation of all limited to a sum in the aggregate of $500? The section referred to does not in express terms so disclose. It says "a reasonable compensation for his services in such court not exceeding five hundred dollars." I think this means to each counsel so serving. It is a limitation upon the power conferred to appoint, if otherwise construed. It would be unwise to give here the narrow construction the attorney for the corporation seeks. The section contemplates the appointment of counsel, and also reasonable compensation for the services rendered; and I think a fair construction leaves it possible for the court to allow, in a proper case, to each counsel compensation limited only by the restrictive words in the section applied to each.

The motion to modify is therefore denied.