## Court of Oyer and Terminer—Madison County.

*December*, 1883.

### PEOPLE *v.* HAIGHT.

EXAMINATION AS TO SANITY.—COMMISSION TO TAKE TESTIMONY NOT GRANTED.

The testimony of a witness residing out of the State cannot be taken on commission to be read before commissioners appointed to examine and report on the sanity of a defendant.

The statute (*Code Crim. Proc.* §§ 636–657), only authorizes a commission to take testimony to be read on the trial of an indictment.

MOTION by defendant for a commission to examine a witness residing out of the State, said evidence to be used before a commission to examine as to the sanity of defendant.

*Jno. E. Smith*, for the people.

*Leonard Bronner*, for defendant.

VANN, J.—On October 16, 1883, the defendant was arraigned before the court of Oyer and Terminer of Madison county, upon an indictment charging her with the crime of murder in the first decree. To this charge she pleaded "not guilty," and also presented the special plea of insanity. On October 17, said court duly appointed commissioners, under section 658 of the Code of Criminal Procedure, to examine the defendant and such witnesses as should be produced before them, and report to the court as to her sanity at the time of the commission of the crime, as charged in the indictment. On October 29, said commissioners designated December 11, 1883, as the time for the execution of the commission ; of which notice, in due form, was given to the defendant and her counsel on the 9th day of November. On the 23d of November, the counsel for the defendant gave notice to the district attorney of this motion, to be heard at Chambers on December 1, for an order under section 636 of the Criminal Code to examine one Sarah E. Flower, alleged to be a non-resident of this state, and a material witness for the defendant upon the investigation before said commissioners.

The only question seriously argued by counsel was whether the testimony of a foreign witness could be taken upon commission, to be read, not upon the trial of the indictment, but before commissioners appointed to examine and report as to the sanity of the defendant. The report of the commissioners will not be a final determination of the question of the defendant's sanity at the time when it is alleged she committed the offense ; nor will it prevent her from having that question passed upon by a jury on the trial of the indictment (*Const. N. Y.* Art. 1, § 2 ; *Crim. Code*, §§ 659, 661 ; *Penal Code*, §§ 20, 21 ; Cancemi *v.* People, 18 *N. Y.* 128).

After indictment, commissioners may be appointed to make inquiry as to the sanity of the accused, either (1) at the time of the commission of the alleged offense ; or (2) at the time when the commissioners make their examination. *Crim. Code*, § 658. The former inquiry must be made before a trial or conviction, while the latter may be made either before or after conviction. *Ib.* If the accused is found sane, the trial proceeds or the judgment of conviction is enforced, with the same effect

as if no commission had been appointed, but if found insane, the trial or judgment is suspended until he becomes sane, when he may be brought to judgment or execution as the case may be. *Id.* §§ 659, 661.

Whether he is found insane at the time of the perpetration of the alleged crime, or at the time when the commissioners make their examination, the effect is simply to stay all proceedings, except for the safe custody of the prisoner.

The proceedings of the commissioners, therefore, form no part of the trial of the issue joined by the plea of the defendant to the indictment. That issue of fact must be tried by a common law jury of twelve men. *Id.* §§ 354, 355.

The investigation and report of the commissioners is not the trial of a criminal action but a special proceeding, required to be summarily made for the information of the court, so that it can with propriety and safety suspend or proceed with the trial or the enforcement of the judgment.

The statute authorizes the testimony of a non-resident witness to be taken for use upon a trial, but not in a special proceeding. Upon the application for a commission it must be made to appear, among other things, that an " issue of fact has been joined in the action" and that the witness is " material to the defense of the action." *Id.* § 639.

If granted, the order must provide that the people be permitted to join in the commission and to examine witnesses " in support of the indictment." *Id.* § 643. The " trial of the indictment is to be stayed" for a specified time, reasonably sufficient for the execution and return of the commission. *Id.* § 644. When the district attorney intends to join in the commission and " examine witnesses in support of the indictment" he must serve on the defendant a copy of his interrogatories, with two days' notice of settlement *Id.* § 645. Either party may insert in the interrogatories " any question pertinent to the issue." *Id.* § 647.

Upon the settlement of the interrogatories the judge must expunge every question " not pertinent to the issue." § 648. The deposition taken may be read in evidence by either party on the trial. *Id.* § 657.

These sections show that the object of the statute is to au-

thorize a commission to take testimony to be read only upon the trial of the indictment. No provision is made for the case of an inquiry by commissioners into the sanity of a defendant under indictment. The power to issue a commission for any purpose is an innovation upon the common law, and must be strictly pursued. It depends solely upon the statute, and cannot be extended to any case not provided for by the statute.

As already appears, the proceedings before the commissioners are not a trial but a special proceeding.

It follows that this application must be denied.