PEOPLE ex rel. CZAKI v. COLER.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

ATTORNEY AND CLIENT— COMPENSATION — SERVICES UNDER ASSIGNMENT BY COURT.

Under Code Cr. Proc. § 308, as amended by Laws 1897, c. 427, which provides that, where the court assigns counsel to defend one accused of a crime punishable with death, the court in which the defendant is tried, or an appeal is finally determined, may allow counsel a reasonable fee, not exceeding $500, which allowance shall be a charge on the county in which the indictment is found, an attorney who defended a person accused of murder, and to whom the trial court awarded $500 as compensation for his services, is not, on the case being appealed to the court of appeals, entitled to an additional sum of $500 allowed to him by that court for services therein.

Appeal from special term, New York county.

Application in the name of the people by Frederick M. Czaki for mandamus against Bird S. Coler, as comptroller of the city of New York. · From an order denying the application (59 N. Y. Supp. 887), petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. H. Hummel, for appellant.
Theo. Connoly, for respondent.

PATTERSON, J. This is an appeal from an order denying the relator's application for a writ of mandamus to compel the comptroller of the city of New York to pay certain moneys to which the relator, as assignee of Mr. Ambrose H. Purdy, an attorney at law, claims to be entitled under an order made by one of the justices of the supreme court under the following circumstances: One Michael McDonald was brought to trial upon an indictment for the crime of murder in the first degree. Mr. Purdy was assigned as counsel to defend him. The trial resulted in a conviction, and, upon a proper presentation of the necessary facts, the justice presiding at the trial made a certificate authorized by law, and allowed to Mr. Purdy the sum of $500 as counsel fee for defending his client on the trial, and an additional allowance for expenses incurred in the defense of the action; and the aggregate amount was paid to Mr. Purdy by the comptroller of the city of New York. McDonald, desiring to appeal to the court of appeals from the judgment of conviction, made an application to the court to have other counsel assigned him, and substituted for Mr. Purdy, which application was denied, and Mr. Purdy was continued as counsel, and argued the appeal in the court of appeals. The conviction was affirmed, and on the 7th of June, 1899, the justice of the supreme court before whom the trial was had made an order allowing to Mr. Purdy another sum of $500 "as compensation for his services in this court rendered to the defendant in an appeal to the court of appeals from the conviction of murder in the first degree, in pursuance to an order assigning him as counsel to the said Michael McDonald." An addi-

tional sum for expenses was also awarded, and it was directed that
the amount of such compensation and expenses be a charge upon
the city of New York, and that the comptroller of the city of New
York, out of the proper funds, should pay the amount to Mr. Purdy.
The comptroller declined to do so, whereupon the application for a
mandamus was made.

The authority to allow compensation to Mr. Purdy for his serv-
ices in the McDonald case is to be found in section 308 of the Code
of Criminal Procedure, as amended by chapter 427 of the Laws of
1897, by which it is enacted that:

"If the defendant appear for arraignment without counsel, he must be asked
if he desires the aid of counsel and if he does, the court must assign counsel.
When services are rendered in a case where the offense charged in the indict-
ment is punishable by death, or on an appeal from a judgment of death, the
court in which the defendant is tried or the action of indictment is otherwise
disposed of or by which the appeal is finally determined, may allow such coun-
sel his personal and incidental expenses upon a verified statement thereof
being filed with the clerk of such court. and also reasonable compensation for
his services in such court, not exceeding the sum of ·$500, which allowance
shall be a charge upon the county in which the indictment is found."

As we construe this section, we think the intention was to limit
the aggregate compensation of counsel continuously employed in the
case to the sum of $500. The section refers to services rendered
by counsel in pursuance of an assignment in a case where the of-
fense charged in the indictment is punishable by death, or on ap-
peal from a judgment of death. Mr. Purdy was not in any proper
sense reassigned, so as to give him the status of newly-employed
counsel on the appeal. The trial court or the appellate court might
allow expenses and a reasonable compensation, not exceeding $500.
The statute does not specifically state that there shall be an allow-
ance for a trial, and another allowance for an appeal, to the same
counsel. Manifestly the sum of $500 was intended originally as
the maximum of the amount that might be allowed. In People v.
Heiselbetz, 30 App. Div. 200, 51 N. Y. Supp. 685, the course of legis-
lation respecting the provision of law now under consideration is
given, and from that the conclusion was deduced that the last
amendment was intended as a limitation upon the aggregate amount
which should be paid for the defense of an indigent prisoner in a
capital case. In the case cited the question was as to the allow-
ance of $500 to each of more than one counsel. The question aris-
ing here was not presented, of an allowance to the extent of $500
being made to the same counsel both upon a trial and upon an ap-
peal; but we are of opinion that the limitation of the sum of $500
is for services extending through the whole case, and in all its stages,
and that there is no authority to grant more than $500 and ex-
penses to the counsel who conducts the defense at the trial and
argues the appeal. Counsel is assigned to "aid" the defendant; that
is, to see that he is protected in his rights. No limitation of the
service to be rendered is made by the statute, but when, pursuant
to the assignment, it is rendered either in the court of original
jurisdiction or on appeal, or both, it may be compensated in a sum
not exceeding the amount fixed by the statute. As the new appoint-

ment was unnecessary, it cannot be made the pretext for the allowance of double fees. Actual expenses may be allowed under the original appointment, but nothing more.

The order appealed from was correct, and should be affirmed, with $10 costs and disbursements. All concur.