PEOPLE ex rel. MULLEN et al. v. COLER, Comptroller.

(Supreme Court, Appellate Division, Second Department. May 28, 1901.)

CRIMINAL LAW—ASSIGNMENT OF COUNSEL—COMPENSATION—INSANITY OF ACCUSED.

    Code Cr. Proc. § 308, provides that when, in a criminal case, services are rendered by counsel in pursuance of an assignment by the court in a case where the offense charged is punishable by death, the court in which the defendant is tried or the action or indictment is otherwise disposed of may allow counsel compensation, not exceeding the sum of $500. Section 354 declares that an issue of fact arises upon a plea of not guilty, and section 355 requires such an issue to be tried by a jury. Section 658 enacts that, if the commission appointed by the court to determine as to the sanity of an accused on his plea of insanity find him insane, trial must be suspended until he become sane. *Held*, that where one accused of murder pleaded not guilty, and with a specification of insanity thereto, counsel having been assigned by the court to defend him, and commissioners were appointed, who determined him insane, it was error to allow counsel an allowance of $500, inasmuch as the proceeding of the commissioners formed no part of the trial, which, under sections 354, 355, must be by a jury, and such proceedings did not dispose of the action or indictment.

Appeal from trial term, Richmond county.

Mandamus by the people, on the relation of William M. Mullen and another, against Bird S. Coler, as comptroller of the city of New York, to compel respondent to audit a claim of relators. From an order denying the writ, relators appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

William M. Mullen, for appellants.

William J. Carr (Luke D. Stapleton, on the brief), for respondent.

SEWELL, J. This is an appeal from an order denying an application for a writ of mandamus to compel the comptroller of the city of New York to audit, allow, and pay the claim of the relators for services rendered and disbursements made in the defense of one William Fitzpatrick, who was indicted for the crime of murder in the first degree. When the defendant was arraigned, the relators were assigned to defend him. After the assignment, the defendant pleaded not guilty to the indictment, with a specification of in-

sanity thereto. A commission was appointed, under the provisions
of section 658 of the Code of Criminal Procedure, to examine the
defendant, and to report to the court as to his sanity at the time
the crime was committed, and also at the time of the examination.
The commissioners found that the defendant was insane at the time
of the commission of the crime and at the time of the examination.
The report was confirmed, and the court ordered that the defendant
be committed "to the Hudson River State Hospital" at Poughkeep-
sie, to be "there detained until such time as he may become sane,
when he is to be redelivered by the superintendent of the said asy-
lum to the sheriff of Richmond county." The court in the said or-
der certified and allowed to the relators for their services as coun-
sel for the defendant $500, and $50, the aggregate amount of their
incidental and personal expenses in the defense of the accused. The
comptroller of the city of New York refused to recognize the cer-
tificate or pay the amount, claiming that the court had no power
to make an allowance to the relators, as the defendant had not
been tried, or the action or the indictment otherwise disposed of.

The only authority for an allowance to counsel assigned to defend
a prisoner is section 308 of the Code of Criminal Procedure, which
provides that:

"When services are rendered by counsel in pursuance of such assignment
in a case where the offense charged in the indictment is punishable by
death, or on an appeal from a judgment of death, the court in which the
defendant is tried or the action or indictment is otherwise disposed of, or by
which the appeal is finally determined, may allow such counsel his personal
and incidental expenses upon a verified statement thereof being filed with the
clerk of such court, and also reasonable compensation for his services in
such court, not exceeding the sum of five hundred dollars, which allowance
shall be a charge upon the county in which the indictment in the action is
found, to be paid out of the court fund, upon the certificate of the judge
or justice presiding at the trial or otherwise disposing of the indictment."

In People v. Coler (Sup.) 60 N. Y. Supp. 656, and Same v. Heisel-
betz, 30 App. Div. 199, 51 N. Y. Supp. 685, the court held that the
limitation of the sum of $500 is for services extending through the
whole case, and in all of its stages, and that there is no authority
to grant more than $500 and expenses to counsel, regardless of the
number assigned, who conducts the defense at the trial and argues
the appeal. It is perfectly clear, therefore, that the comptroller was
justified in treating the allowance and certificate as a nullity, if
the inquiry into the insanity of the defendant was not a trial, or did
not dispose of the action or indictment. It is quite obvious that
the proceeding of the commissioners formed no part of the trial
of the issue joined by the plea of the defendant to the indictment.
That issue must be tried by a jury. Code Cr. Proc. §§ 354, 355;
Cancemi v. People, 18 N. Y. 128. The only effect of the proceeding
was to suspend the trial until the defendant becomes sane. Sec-
tion 659; People v. Haight, 13 Abb. N. C. 197; Same v. McElvaine,
125 N. Y. 596, 26 N. E. 929. When the defendant becomes sane, he
must be redelivered to the sheriff, and brought to trial upon the
same indictment. Code Cr. Proc. § 661. The court in which he is
tried, if the action or indictment is not otherwise disposed of, may

then allow his counsel their expenses and compensation for their services, to be paid upon the certificate of the judge or justice presiding at the trial. There was no authority for the award, and the comptroller was justified in refusing the payment.

The order should be affirmed, without costs. All concur.