(101 App. Div. 338)

### PEOPLE v. MONTGOMERY.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. ATTORNEYS—DEFENSE OF CRIMINALS—COMPENSATION.
  Under Code Cr. Proc. § 308, requiring the court to assign counsel to indigent criminals, and providing that, where the offense charged is punishable by death, the court in which defendant is tried, or by which

¶ 1. See Costs, vol. 13, Cent. Dig. § 1169.

an appeal is finally determined, may allow counsel a reasonable compensation for his services in such court, not exceeding the sum of $500, successive allowances may be granted on successive trials in the Supreme Court at different terms, each allowance being within the limitation.

Appeal from Trial Term, Otsego County.

Harvey B. Montgomery was indicted and tried for murder, and appeals from an order refusing the allowance of fees to his counsel. Reversed.

The defendant was tried for the crime of murder in the first degree at a Trial Term of the Supreme Court held in the county of Delaware, over which Mr. Justice Sewell presided. That conviction was reversed by the Court of Appeals[1] (176 N. Y. 219, 68 N. E. 258), and a second trial was had in the county of Otsego at a Trial Term of the Supreme Court at which Mr. Justice Miller presided. At the close of the first trial the defendant received, upon the certificate of Mr. Justice Sewell, the sum of $500, besides his disbursements, pursuant to section 308 of the Code of Criminal Procedure. After the determination of the Appeal by the Court of Appeals the defendant received, upon the certificate of that court, a further sum of $500. At the close of this second trial, upon the application of the defendant's attorney for a further allowance of $500, the learned justice has denied the application therefor upon the ground of want of power, the order reciting that the services rendered the defendant upon said second trial were reasonably worth the sum of $500.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

O'Connor & O'Connor (C. R. O'Connor, of counsel), for appellant.

George A. Fisher, Dist. Atty., for the People.

SMITH, J. The determination of this appeal rests upon the construction of section 308 of the Code of Criminal Procedure. This section requires the court to assign counsel for the defense of an indigent criminal who desires the aid of counsel, and it is further provided:

"When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death or on an appeal from a judgment of death, the court in which the defendant is tried or the action or indictment is otherwise disposed of, or by which the appeal is finally determined, may allow such counsel his personal and incidental expenses, * * * and also reasonable compensation for his services in such court, not exceeding the sum of five hundred dollars, which allowance shall be a charge upon the county in which the indictment in the action is found, to be paid out of the court fund, upon the certificate of the judge or justice presiding at the trial or otherwise disposing of the indictment, or upon the certificate of the appellate court."

The court presided over by Justice Miller, at which this application was made, was the court in which the defendant was tried upon an indictment upon which a conviction would require the infliction of the penalty of death. Authority to that court to grant this allowance would come within the very letter of the statute, unless such allowance be prohibited by the fact that another court, presided over by a different justice in another county, had granted an allowance of $500 upon a former trial. To this statement of the proposition respondent objects that the former allowance

was by the same court, to wit, the Supreme Court, and not by another court. This objection raises the pivotal question here for decision as to the intention of the Legislature in using the expression in the statute "the court in which the defendant is tried." I am unable to escape the conviction that the Legislature meant to refer to the court at the specific term at which the defendant was tried, and that a prior trial at another term is, within the fair construction of the statute, a trial by another court. Ordinarily, all trials for murder in the first degree must be held in the Supreme Court. In the city of New York, however, the Criminal Court has jurisdiction of such trials. It is not uncommon in the city of New York, where more than one trial is had upon a charge of the crime of murder in the first degree, that one trial is had in the Criminal Court and another in the Supreme Court. In such a case I see no reason why either court has not full authority to grant the allowance of $500, and no objection could be raised thereto by reason of the fact that the other court had theretofore granted a similar allowance. It does not seem to me probable that different rights were intended to be given in the city of New York and outside of the city where the successive trials must be had in the Supreme Court. Prior to 1893 an attorney was required to defend an indigent criminal without compensation, if assigned to that duty by the court. In 1893 a statute was passed which authorized the court to allow reasonable compensation to an attorney so assigned to defend a criminal charged with a crime the punishment for which was death. I assume that under that statute successive allowances might have been made after successive trials so long only as the allowance did not exceed a reasonable compensation. In 1897 the statute was passed as above quoted, and, with some other minor changes, the $500 limitation was inserted. In my judgment, that limitation was intended to apply only to a single trial or a single appeal, and successive allowances may be granted upon successive trials by the court at different terms, each allowance within the limitation prescribed by the statute. Under this section it has been held in People v. Ferraro, 162 N. Y. 545, 57 N. E. 167, that the section applies to the trial court and appellate court separately, so that the granting of an allowance of $500 by the trial court would not prevent the granting of another allowance of $500 by the appellate court. In that case the court says:

"We have repeatedly held that said section, when construed in the light of the several progressive changes made by the Legislature, means that the limitation imposed by the words 'not exceeding the sum of $500' applies to the trial court and to the appellate court separately, and not collectively."

I see no more reason, however, for construing the statute to authorize a separate allowance of $500 for the trial and for an appeal than for construing the statute to allow an allowance by each trial court before which the defendant is tried for his life. The contention that the Supreme Court is the court in which both trials were had, and thus, within the wording of the statute, "the court in which the defendant was tried," is, in my judgment, too narrow, in view of the recognized policy of the Legislature to grant rea-

sonable compensation to attorneys who are required to defend indigent criminals.

I advise, therefore, the reversal of the order, with leave to defendant's counsel to apply to Justice Miller for a certificate, within section 308 of the Code of Criminal Procedure.

Order reversed, with costs, with leave to defendant's counsel to apply for certificate under section 308 of the Code of Criminal Procedure. All concur.