(67 Misc. Rep. 541.)

PEOPLE ex rel. McAVOY et al. v. PRENDERGAST, Comptroller.

(Supreme Court, Special Term, New York County. May, 1910.)

1. ATTORNEY AND CLIENT (§ 132*)—COUNSEL FOR ACCUSED—APPOINTMENT—COMPENSATION.

Where an order awarding compensation to counsel for services on the trial of a person thereafter convicted of crime is granted, it is no bar to a further allowance to the same counsel for services on a former trial where the jury disagreed where such order was granted on affidavits which recited no facts relative to the first trial.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 132.*]

---

2. ATTORNEY AND CLIENT (§ 132*)—COUNSEL FOR ACCUSED—APPOINTMENT—
   COMPENSATION—"TRIAL."

> The word "trial," as used in Code Cr. Proc. § 308, awarding an allowance to counsel appointed to defend a criminal, is not limited to one resulting either in an acquittal or conviction of accused, but authorizes an allowance on a trial resulting in a disagreement of the jury.

> [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 132.*
> For other definitions, see Words and Phrases, vol. 8, pp. 7095-7103; vol. 8, p. 7821.]

Application by the People, on the relation of Francis S. McAvoy and Samuel Feldman, for writ of mandamus to William A. Prendergast, Comptroller of the City of New York. Writ granted.

Abraham Levy, for relators.
Charles A. O'Neill, Asst. Corp. Counsel, for respondent.

BLANCHARD, J. This is a motion for a peremptory writ of mandamus to compel the comptroller to pay to the applicants the sum of $500 as counsel fee, and a further sum of $100 as expenses awarded them by an order of the court for services rendered as assigned counsel to one Mangano, charged with murder in the first degree. It appears that the applicants upon their assignment consulted with the defendant, prepared his case, and appeared at his trial, which resulted in a disagreement of the jury. Subsequently upon a retrial of the cause they again appeared for the defendant, and upon this retrial he was found guilty as charged. An order thereupon was presented to the judge presiding at the second trial which provided that "upon all the proceedings had herein" an award as compensation under section 308 of the Code of Criminal Procedure of $500 and an allowance of $100 for expenses should be made, which order was duly signed, and upon presentation to the comptroller was honored. Subsequently to the entry of this order, an order was entered by the judge who presided at the first trial awarding counsel the sum of $500 and $100 expenses for services rendered during the first trial. This award was not paid. The city resists the issuance of the writ brought to compel payment of the unpaid award, upon the ground that under the law the award in the last trial acts as a bar to compensation for services upon the first, and that the judge upon the first trial was without power to award compensation, since a disagreement of the jury was not such a trial or other disposition of the action or indictment as is contemplated by the Code. Although, as above noted, there appears in the terms of the order awarding compensation upon the second trial the words "upon all the proceedings had herein," it would seem that the judge signing it did not dispose of the quantum of the services rendered upon both trials, since the order was granted upon affidavits which recite no facts relative to the first trial.

As it appears settled that for the purposes of an award under section 308 of the Code the court means any separate term of any court of competent jurisdiction (People v. Montgomery, 101 App. Div. 338, 91 N. Y. Supp. 765), the question is squarely presented whether in the

case at bar there was such a disposition or trial of the case as to allow a compensation. The word "trial" is defined as "the formal examination of the matter in issue in a cause before a competent tribunal, for the purpose of determining such issue." Webster's Dict. In criminal proceedings the word "trial" has been variously construed, but the weight of authority seems to be that it is an examination of issues before a jury as distinguished from various preliminary examinations up to and including the pleading of the defendant. The history of the development of the section of the Code in question discloses that the intent of the framers has been to award compensation up to a given sum, the sum awarded to be in the discretion of the court commensurate with the services rendered. Prior to 1893 counsel, as an officer of the court, was compelled upon assignment to serve without compensation. Thereafter reasonable compensation for services rendered was allowed; and in 1897 a limitation of $500 was made which might be allowed by the judge sitting in the court where the trial was held or the action or indictment otherwise disposed of.

The courts in construing the section in its present form have gradually extended the power to grant awards in separate proceedings. In the case of the People v. Ferraro, 162 N. Y. 545, 57 N. E. 167, it was held that the Court of Appeals had the power to award a further sum of $500 upon the appeal. The case of the People v. Montgomery, 101 App. Div. 338, 91 N. Y. Supp. 765, further extended the doctrine to apply after a reversal of a conviction by the Court of Appeals to a retrial before another court, in which case a further sum of $500 might be awarded. These cases apparently dispose of the rule in People ex rel. Czaki v. Coler, 44 App. Div. 183, 60 N. Y. Supp. 656, relied upon by the city, which holds that:

"As we construe this section, we think the intention was to limit the aggregate compensation of counsel, continuously employed in the case, to the sum of $500."

In view of the above facts and construction by the appellate court, it would seem most erroneous to hold that the framers of the section intended to place an arbitrary limitation, such as acquittal or conviction, as a prerequisite for the making of a compensatory award.

I am unable to find any authority which authorizes so arbitrary a construction of the word "trial" as is urged by the city. The case of People ex rel. Mullen v. Coler, 61 App. Div. 538, 70 N. Y. Supp. 639, shows a state of facts wherein an award has been held improper. In that case services were rendered by the assigned counsel in causing a plea of not guilty upon the ground of insanity to be entered for the defendant, who was subsequently, by act of a commission in lunacy, held pending his recovery, in the event of which he might have been tried under the indictment, as provided by the Code. The reasoning presented in the opinion in that case clearly shows the line of demarcation between a proper and improper basis for an award. The court said:

"The proceedings of the commission formed no part of the issue joined by the plea of the defendant to this indictment. That issue must be tried by a jury."

In the case at bar issue was joined, and there was a complete presentation of the facts to a jury. It would therefore seem that, in the light of previous decisions and the evident spirit of the section, there was a sufficient trial to permit an award for the quantum of services rendered. That question has been passed upon and is not subject to review by this court, but by appeal.

It follows that the writ will issue.

Ordered accordingly.