(30 Misc. Rep. 323.)

### PEOPLE ex rel. HATHEWAY v. FROMME, County Register.

(Supreme Court, Special Term, New York County. January, 1900.)

MANDAMUS—REGISTER'S FEES.

A peremptory writ of mandamus to compel the register to deliver a search without exacting the additional charge called for by Laws 1884, c. 531, § 9, amended by Laws 1887, c. 376, allowing an additional charge for expedited searches, will not be awarded where there is a dispute as to whether such expedited search had been ordered.

Application of the people, on the relation of Curtis R. Hatheway, against Isaac Fromme, register of the county of New York, for peremptory mandamus. Writ denied.

J. Langdon Ward, for relator.

John Whalen, Corp. Counsel, for respondent.

BEEKMAN, J. Section 9, c. 531, Laws 1884, entitled "An act in relation to the office of the register of the city and county of New York," as amended by chapter 376, Laws 1887, makes it the duty of the register to cause every written order or written requisition for a search to be made without delay, and to be certified and ready for delivery within 15 days from the receipt of such order or requisition. It is also provided that, in the event of an order calling for a return by him at a date prior to the expiration of 15 days from the receipt by him of such written order or requisition, he shall cause said search to be made, and shall make his return "at the time designated on such search"; being not less than three days from the receipt thereof by him. For this service the statute directs that he "shall charge and collect for such search in addition to the fees prescribed in the fourth section of this act as hereby amended, an additional charge of one-half of such fees, which additional fees are to be included in the account of fees provided for by the tenth section of this act, and accounted for and paid over into the treasury of the city and county of New York," subject to certain allowances out of the same for certain purposes mentioned in the act, to which, for the purposes of this motion, it is unnecessary to refer. A dispute has arisen between the register and the relator in this matter as to whether a certain search, for which a requisition was made by the latter, is an expedited search, or not, within the meaning of the statute. The claim of the relator is that there was no indorsement on the search, in writing, calling for a return thereof by the register at any time or date. The affidavit of Mr. Wagstaff, for whom the relator was attorney in the matter, states that he had a conversation with the deputy register, who was an old acquaintance, and asked him if, as a matter of personal accommodation, the search could be made and returned by the latter part of the following week, to which the deputy answered that he would be

very glad to accommodate him in that regard, and that, after a consultation by him with some other person in the office, he said, "The search will be ready for you by Thursday, October 19th," or words to that effect. He further says that he did not expect, nor did he wish, to pay any extra charge for the search, and that, if he had supposed that there was to be any extra charge, he would not have asked for expedition involving any such consequences. There does appear indorsed upon the back of the search the words, "Wanted October 18th." This indorsement was placed upon it by a clerk in the office of the register. The register has submitted two affidavits in reply, one made by the deputy, and the other by a searcher in his office, who was present at the time the conversation took place between Mr. Wagstaff and the former. From these affidavits it appears that, when the search was presented, inquiry was made of the deputy when it could be done, who asked when he wished it, and the response was, "As soon as possible." A searcher having been called in, who stated that the search was large and would take some time, it was again asked when it was wanted, and the reply was again made, "As soon as possible." The searcher then answered, "I will try and let you have this by Wednesday next," to which, it is said, Mr. Wagstaff replied in the following words: "All right. I would be very thankful," or, "I would be very much obliged, if you can let me have this search on Wednesday,"—which was the 18th day of October. The deputy swears that then, at the request of Mr. Wagstaff, the search was indorsed, "Wanted October 18th." There can be no doubt about the fact that a search cannot be treated as an expedited one, under the statute, unless there is an indorsement upon it, in writing, calling for its return on a day earlier than the 15 days allowed by statute to the register within which to make his return in ordinary cases. It does not follow that such indorsement must be made by the person making the requisition. It is sufficient if made by any other person under the authority and direction so to do of the party at whose request the search is required. The only question in this case, then, is one of fact, namely, did the party for whose benefit the search was to be made direct the return of the search on the 18th day of October, and authorize and direct the indorsement upon the search that it was wanted on that date? If he did, he would seem to be liable to the register for the payment of an additional charge, under the statute. The motion is for a peremptory writ of mandamus to compel the register to deliver the search without exacting the additional charge which the statute provides where expedition is sought. The well-settled rule is that where a material fact is in dispute, the court has no power to award a peremptory writ. In such a case relief must be sought through an alternative writ, under which the issues of fact arising can be settled by a trial. As there is such a dispute here, it is plain that a peremptory writ cannot issue, and that to that extent the motion must be denied. If the relator so desires, a provision will be inserted in the order for the issuance of an alternative writ. Ordered accordingly.