**1144**

PEOPLE ex rel. DELAWARE & H. CO. v. FEITNER et al. (Supreme Court, Appellate Division, First Department. December 20, 1901.) Motion for leave to go to the court of appeals. Granted. For the opinion of the appellate division, see 70 N. Y. Supp. 500. James M. Ward, for the motion. D. Willcox, opposed.

PER CURIAM. Although it may be that no leave is necessary, in order that either of the parties may appeal to the court of appeals as from a final order in a special proceeding, yet, to save all questions, we grant such leave and settle the questions to be certified as follows: (1) By the leases of the property of the Albany & Susquehanna and Rensselaer & Saratoga Railroad Companies, did that property become part of the capital and surplus of the Delaware & Hudson Company, or did that company acquire merely the interest of a lessee, namely, the right to use the demised premises upon the payment of the rentals reserved? (2) In assessing the Delaware & Hudson Company by reason of the property thus leased, is that company to be assessed upon the full value thereof, as being its owner, or only upon the value of the right to use the property upon payment of the rentals reserved, without including any right to use the franchises? (3) In case the Delaware & Hudson Company is assessable as owner of the property covered by the leases, should a deduction from any assessment upon its capital and surplus be made of the amount of the liability of the company upon the bonds of the Albany & Susquehanna Railroad Company, and also of the amount of its obligations to pay the rentals specified in the leases, or either of them?

PEOPLE ex rel. HATHEWAY, Relator, v. FROMME, Register, Respondent. (Supreme Court, Appellate Division, First Department. December 6, 1901.) Proceedings by the people of the state of New York, on the relation of Curtis R. Hatheway, against Isaac Fromme, register, etc. J. L. Ward, for relator. T. Connoly, for respondent. No opinion. Judgment (63 N. Y. Supp. 583) affirmed, with costs.

PEOPLE ex rel. LEVANT EMERY CO. v. KNIGHT, State Comptroller. (Supreme Court, Appellate Division, Third Department. November 13, 1901.) Proceedings by the people of the state of New York, on the relation of the Levant Emery Company, against Erastus C. Knight, as comptroller of the state of New York. No opinion. Determination of the comptroller unanimously affirmed, with $50 costs and disbursements, upon the authority of People v. Roberts, 159 N. Y. 70, 53 N. E. 685, 45 L. R. A. 126.

PEOPLE ex rel. McINTYRE, Respondent, v. COLER, City Comptroller, Appellant. (Supreme Court, Appellate Division, First Department. December 6, 1901.) Proceedings by the people of the state of New York, on the relation of John F. McIntyre, against Bird S. Coler, comptroller, etc. G. W. Schumann, for appellant. J. M. Stearns, for respondent. No opinion. Order (71 N. Y. Supp. 127) reversed, with costs, and motion denied, with costs, on authority of People v. Coler (decided Nov. 8, 1901) 72 N. Y. Supp. 564.

PEOPLE ex rel. MORSE v. NUSSBAUM et al. (Supreme Court, Appellate Division, Third Department. December 7, 1901.) Proceedings by the people of the state of New York, on the relation of Charles W. Morse, against Myer Nussbaum, an alleged referee, and John C. Davies, attorney general of the state of New York. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. NORTH v. FEATHERSTONHAUGH et al. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Certiorari by the people of the state of New York, on the relation of Louise North, against James D. Featherstonhaugh and others, members of and constituting the public improvement commission of the city of Cohoes, and, another, to review their determination as to the nature of a street improvement and the proportion of the expense chargeable against abutting owners. Affirmed.

PER CURIAM. The judicial determination which is the subject of review upon this writ of certiorari is the determination as to the nature of the improvement to be made and the proportion of the expense thereof for which the abutting owners shall be liable. In the proceedings preliminary to that determination we find no illegality. All parties had due notice and were heard. The requirements of the statute were substantially complied with. Defendants were not bound to determine, before giving notice, the particular pavement to be laid. As matter of public policy the hearing should precede, as it did, that determination. The provisions of the contract here challenged are not the subject of review in this proceeding. Other provision is made in the charter for the correction of any errors in the making of the contract. The case of People v. Maher, 56 Hun, 81, 9 N. Y. Supp. 94, arose under peculiar provisions of the charter of the city of Albany. Under that charter a contract was required to be filed, and objections might be filed thereto, and a judicial determination was made upon such objections. There is no such provision found in the charter of the city of Cohoes. We conclude, therefore, that the determination, so far as it is here subject to review, should be confirmed.

PEOPLE ex rel. OLD COLONY S. S. CO. v. MEYER et al., Com'rs, Respondents. (Supreme Court, Appellate Division, First Department. November 8, 1901.) Proceedings by the people of the state of New York, on the relation of the Old Colony Steamship Company,