(28 Misc. Rep. 303.)

## In re PURDY.

(Supreme Court, Special Term, New York County.   July, 1899.)

ATTORNEY APPOINTED BY COURT—FEES.

Code Cr. Proc. § 308, provides that where an attorney is employed to defend a person accused of crime, and the defendant is entirely without means, the court may award reasonable compensation.   Relator was assigned to defend a criminal.   After trial, he was allowed $500.   The criminal asked for a change of attorneys, which was refused, and the relator was reappointed to conduct the case on appeal.   The appeal resulted in an affirmance.   *Held,* that the attorney was entitled to only one fee for the trial and the appeal.

Application for writ of mandamus by Ambrose H. Purdy.   Denied.

A. H. Purdy, in pro. per.
John Whalen, opposed.

GILDERSLEEVE, J.   Ambrose H. Purdy was assigned by Mr. Justice Fursman to defend a prisoner charged with murder in the first degree.   The trial took place, and resulted in a conviction. Thereupon the compensation was fixed at $500, which was duly paid, Upon the day of conviction, the prisoner asked that William F. Howe be assigned as his counsel on the appeal.   Mr. Justice Fursman, however, assigned Mr. Purdy.   The appeal resulted in an affirmance, and thereupon Mr. Purdy obtained another order allowing him $500 and disbursements on the appeal.   The comptroller refused to pay this sum, or any sum, to the assignee of Mr. Purdy, on the ground that the latter had been paid $500 after the trial, and, under the provisions of section 308 of the Code of Criminal Procedure, was not entitled to any further payment for prosecuting the appeal.   It seems to me, in view of the doctrine of People v. Heiselbetz, 30 App. Div. 199, 51 N. Y. Supp. 685, that only one fee of $500 can be allowed in the case, including both the trial and the appeal. As was suggested in the opinion of Mr. Justice Smyth in the case of People v. Goff, N. Y. Law J. April 7, 1897, the duties of the lawyer do not necessarily end with the conviction of his client, as in many cases it is his duty to appeal.   One assignment will cover both the trial and the appeal.   The fact that Mr. Purdy was assigned separately—once for the trial and once for the appeal—arose from the fact that the prisoner made a request to change his lawyer.   As Mr. Purdy has already been paid his $500, I do not think his assignee is entitled to another $500 and expenses for the appeal.   This application for a mandamus to compel the comptroller to pay over the money to the assignee of said Purdy must be denied, but without costs.

Motion denied, without costs.