## Court of Appeals.

### January, 1900.

## PEOPLE v. BARONE.

1. CRIMINAL LAW—APPEAL—CASE.

   Upon appeal in a case in which the indictment was found after the amendment of 1897, a case should be made, settled and signed, containing only so much of the evidence and proceedings as is material to the questions to be raised, and it is improper to bring up a transcript of the stenographer's minutes.

2. SAME—COUNSEL—COMPENSATION.

   When services are rendered by counsel, assigned by the court, on an appeal from a judgment of death, the court by which the appeal is finally determined may allow such counsel his personal and incidental expenses and reasonable compensation for his services in such court, not exceeding the sum of $500.

3. SAME.

   The failure of counsel for defendant, on appeal in a capital case, to aid the court by causing a case to be made so as to simplify and shorten the examination of the record, may properly be considered in passing upon his application for compensation under § 308 of the Criminal Code.

4. SAME—PRACTICE.

   It is the duty of the counsel for the defendant to prepare and serve a proposed case setting forth the evidence in narrative form, as far as practicable, and of the district attorney to prepare and serve such amendments thereto as he deemed proper, and of the trial judge, upon due notice, to settle the case in the usual way.

5. SAME—COUNSEL—COMPENSATION.

   The failure of counsel for the defendant in such a case to discharge his duty in this regard may properly be taken into consideration in passing upon his application for compensation under § 308.

APPLICATION by counsel assigned to defend an appeal in a capital case for compensation.

Eugene M. Bartlett, for application.

Thomas Penney, District Attorney, not opposing.

VANN, J.—It is provided by section 308 of the Code of Criminal Procedure, as amended in 1897, that when services are rendered by counsel, assigned by the court, on an appeal from a judgment of death, the court by which the appeal is finally determined may allow such counsel his personal and incidental expenses and reasonable compensation for his services in such court, not exceeding the sum of $500. Laws of 1897, ch. 427, § 1; Code Crim. Pro. § 308. This application is made under said section upon affidavits showing compliance therewith in every particular.

By the same act which authorizes this application, the practice, which for some years prevailed, of printing a transcript of the stenographer's minutes for the use of the court upon an appeal from a judgment of death, was changed so as to conform to the general rule in all civil and in all other criminal actions. (Id. § 458.) The provisions of said act apply only to criminal actions begun after the time when it took effect, which was on the 14th of May, 1897. All criminal actions, theretofore begun are required to be conducted and concluded in the same manner as if the act had not been passed.

The indictment in the case before us was found in July, 1898, and was for an offense alleged to have been committed in June of that year. A case should, therefore, have been made, settled and signed, containing only so much of the evidence and proceedings " as is material to the questions to be raised," according to said statute and the General Rules of Practice. This was not done, and, owing to the omission, the judges of this court have been compelled to read a record in two volumes of over 1,500 printed pages, containing all the evidence by question and answer, " the crude and literal statements of counsel, witnesses and jurors, material and immaterial, with all the verbal utterances written down and transcribed verbatim." People v. Conroy, 151 N. Y. 543, 546. About 200 pages are devoted to the impaneling of the jury, although no question re-

lating to the qualification of any juror has been argued before us, and no claim of error in that regard appears in the printed points of counsel. If a case had been made, as the law requires, setting forth the material evidence in narrative form, the appeal book could have been reduced to a volume of not more than 500 pages. Thus needless expense for printing was thrown upon the public and an unnecessary burden was imposed upon the judges, who had to read hundreds of pages of immaterial matter in order to discharge their duty to the parties, for as was said in People v. Conroy (supra), " only by reading could they tell whether it was material or not." It was the duty of the counsel for the defendant to prepare and serve a proposed case setting forth the evidence in narrative form, as far as practicable, and of the district attorney to prepare and serve such amendments thereto as he deemed proper, and of the trial judge, upon due notice, to settle the case in the usual way. Counsel do not discharge their entire duty by ably arguing an appeal, for it is also their duty to aid the court by causing a case to be made, so as to simplify and shorten the examination of the record. The failure of counsel for the defendant in such a case to discharge his duty in this regard may properly be taken into consideration in passing upon his application for compensation under the statute above referred to.

In this case, however, there was a misunderstanding as to the statute, which had been recently passed, owing to the fact that, as published in the ordinary editions of the Code of Criminal Procedure, the provision as to when the act went into effect and as to what cases it applied, did not appear. After the verdict was rendered the counsel for the defendant applied in open court for time to make a case, but the district attorney, misled by the procedure adopted in a capital case which arose in another county before said act went into effect, stated that the practice had not been changed, and all that was necessary was to print a transcript of the stenographer's minutes. This suggestion was acquiesced in by both court and counsel, and the clerk, following the old practice, caused the bulky record before us to be printed and furnished for the purpose of the appeal. Under the circumstances, we do not think it would be just to

withhold compensation, wholly or in part, from the counsel for the defendant, who argued the appeal with great ability and materially aided the court in the discharge of its duty. We have made these observations for the instruction of counsel in capital cases generally, in order to prevent a repetition in the future of needless expenditure for printing, as well as serious inconvenience and loss of time in studying the evidence.

The usual certificate will be issued, fixing the allowance for compensation at the sum of $500, and for the personal and incidental expenses of the counsel for the defendant at the sum actually expended, as appears by his affidavit.

All concur.