PEOPLE ex rel. PECK v. BOARD OF SUPERVISORS OF GENESEE COUNTY.

(Supreme Court, Appellate Division, Fourth Department. May 21, 1901.)

DISTRICT ATTORNEYS — ASSISTANTS — COMPENSATION — CERTIFICATION BY TRIAL JUSTICE—RATIFICATION—CERTIORARI.

County Law, § 204 (Laws 1892, c. 686), authorizes the district attorney in any county in which an important criminal action is to be tried, with the consent of the county judge, to employ counsel to assist him, and declares that the cost and expenses thereof certified by the judge presiding at the trial shall be a charge on the county in which the indictment is found. Held that, where an attorney was properly employed to assist the county attorney in a criminal case, and rendered services after the trial on an appeal to the court of appeals, and on a motion for a new trial, and for change of place of trial, and on a second trial before another justice in another county, such latter justice was not authorized to certify the value of such attorney's services in the court of appeals, so as to enable such attorney to maintain certiorari to review the action of the board of supervisors in reducing the amount charged and allowed by such justice therefor.

Certiorari by the people, on the relation of Myron H. Peck, against the board of supervisors of Genesee county, to review the action of respondents in auditing and reducing a claim for attorney's services rendered in assisting the county attorney in a criminal trial. Writ dismissed.

On the 19th day of January, 1899, the relator, who is an attorney and counselor at law, was retained by the district attorney of Genesee county to assist him in the case of People v. Benham (Sup.) 63 N. Y. Supp. 923, who had previously been tried and convicted of murder in the first degree at a trial term of the supreme court held in Genesee county. Such retainer was thereafter duly approved in writing by the county judge of Genesee county, and the same was thereupon filed in the clerk's office of that county. An appeal from the judgment and conviction had in the meantime been taken to the court of appeals, and the same was argued by the relator, who had expended much time and labor in the preparation of an elaborate brief for such argument. The judgment appealed from was affirmed by the court of appeals, and thereafter a motion was made by the defendant for a new trial upon the ground of newly-discovered evidence, and also for a change of venue. 55 N. E. 11. This motion was argued at special term, the relator appearing thereon, and opposing the same on behalf of the people. The court at special term granted the motion for a new trial, which it directed should be had in the county of Ontario. Upon the second trial, which was had before a different justice from the one presiding at the first trial, the relator assisted the district attorney, and rendered valuable service. This trial resulted in a verdict of acquittal, whereupon the relator presented his bill for the services so rendered by him,

with an affidavit showing the amount of work performed by him, to the justice presiding at the second trial. The items of such bill were as follows, viz.: For services in the court of appeals, $1,000; for services on motion for new trial and for a change of place of trial, $250; for services on the second trial, $1,000. Thereafter, and on the 28th day of June, 1900, the justice to whom such bill was presented certified that the same was reasonable, and directed the treasurer of Genesee county to pay the same, and charge it to the proper fund. Thereupon the relator presented his bill, together with the certificate of the trial justice, to the treasurer of Genesee county, who informed the relator that he had no funds with which to pay the same; and he subsequently presented the matter to the board of supervisors, and that body, after consultation with the relator, assumed to audit the first two items of the relator's bill by reducing the charge for services in the court of appeals to $500, and allowing the charge made for services in opposing the motion for a new trial at the amount named in the bill, viz. $250. The remaining item for services rendered upon the second trial was regarded by the board as fixed by the trial justice, and, in consequence thereof, no attempt was made to audit the same. The relator was paid the amount allowed by the board of supervisors, and he thereupon applied for and obtained this writ of certiorari to review the action of the board in reducing the first item of his bill.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Myron H. Peck, in pro. per.
George Bowen, for respondent.

ADAMS, P. J. The relator bases his right to maintain this proceeding upon the provisions of section 204 of the county law (Laws 1892, c. 686), which reads as follows:

"The district attorney of any county in which a capital or other important criminal action is to be tried, with the approval in writing of the county judge, which shall be filed in the office of the county clerk, may employ counsel to assist him on such trial; and the costs and expenses thereof, to be certified by the judge presiding at the trial, shall be a charge upon the county in which the indictment is found."

It is contended that, although this section, when strictly construed, provides only for the employment and payment of counsel who may be designated to assist a district attorney upon the trial of "a capital or other important criminal action," yet, inasmuch as the services rendered and charged for by the relator were, in a sense, incidental to the trial, they properly come within its scope and spirit. The question thus raised is certainly presented with no little force and ingenuity, but it is one which, in the view we take of the case, does not require any consideration at the present time, inasmuch as we are of the opinion that in no event can the relator maintain this proceeding. The statute upon which the relator rests his contention requires as a condition of charging the costs and expenses of counsel designated to assist a district attorney upon the county that the same shall first "be certified by the judge presiding at the trial." The plain purpose of this provision, it seems to us, is to secure the approval of a judge, who would know better than any one else the nature and value of the services rendered; and, this being so, we do not see how it can be said that the judge who presided at the second trial was qualified to certify as to the services which had theretofore been rendered before other judges, and in proceedings which may have involved quite different questions from those litigated upon the

second trial. If the relator is correct in his contention that the appeal to the court of appeals and the motion at special term were incidental to, and a continuation of, the first trial,—as to which we express no opinion,—we think that, within the plain intent and meaning of the statute, the judge who presided at the first trial is the only one who has any power to certify the costs and expenses of those proceedings; and, this being so, it necessarily follows that the relator's writ should be dismissed.

Writ of certiorari dismissed, with $10 costs and disbursements. All concur.