(65 App. Div. 217.)

PEOPLE ex rel. HENNESSY v. COLER, City Comptroller.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. STATUTES—REPEAL BY IMPLICATION.
    Laws 1872, c. 733, provides appropriations for expenses of government, and section 2 contains provisions as to the employment of counsel by the district attorney with the county judge's approval, and as to remuneration. Laws 1874, c. 323, § 2, embraces the provision of the act of 1872, and makes further provisions for the appointment and payment of counsel designated by the governor or attorney general at the district attorney's request, and contains a limitation on the appointing of such counsel, and the state is exempted from liability for payment for such services. *Held* that, though the latter act contained no repealing clause, the former was repealed by implication.

2. DISTRICT ATTORNEYS—ASSISTANT COUNSEL—COMPENSATION—COUNTY OF NEW YORK.
    Laws 1892, c. 686, repeals Laws 1874, c. 323, and section 204 re-enacts the provision of chapter 323 so far as it authorizes the district attorney to employ counsel with the county judge's approval; and section 1 excepts the county of New York from the operation of the provisions of the act. *Held*, that a certificate of the justice presiding in such county for the compensation of an attorney, issued under Laws 1872, imposed no liability on the county to pay the sum certified.

Appeal from special term, New York county.

Petition by the people, on the relation of Forbes J. Hennessy, for a writ of mandamus against Bird S. Coler, as comptroller of the city of New York. From an order granting the same, respondent appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George W. Schurman, for appellant.
John Delahunty, for respondent.

HATCH, J. The relator, Forbes J. Hennessy, an attorney and counselor at law of the supreme court of the state of New York,

was, by an instrument in writing, designated, retained and employed by the district attorney of New York county to assist in the trial of Samuel J. Kennedy upon an indictment for murder in the first degree. The employment was approved by a justice of the supreme court, and the designation, with the approval thereof, were filed in the office of the clerk of that court. After the trial a statement of relator's claim for such services and for his disbursements was presented to Mr. Justice Fursman, who presided at the trial of the cause, and was certified by him as correct, and the compensation of relator was fixed at the sum of $2,539, "pursuant to chapter 733 of the Laws of 1872." This certificate was filed by the relator with the comptroller of the city of New York, and, said comptroller having refused to pay the relator the amount so certified, he procured an order to show cause why an alternative writ of mandamus should not issue directing the comptroller to pay said claim. Upon the return of such order a peremptory writ was issued directing the comptroller to pay to the relator the amount of his said claim, and from the order so made this appeal is taken.

The appellant contends that the provisions of the act of 1872 never applied to the county of New York, and, in any event, it was not complied with; that the act of 1872 was repealed by chapter 323 of the Laws of 1874, which last-mentioned act did not apply to the county of New York, and was not complied with; that both the act of 1872 and the act of 1874 were expressly repealed by Laws 1892, c. 686; that the justice before whom the indictment was tried had no power under either of the repealed laws to fix the amount of the compensation of the relator; and that there was an express contract between the relator and the district attorney fixing his compensation, which should have controlled the action of the court in determining the same. The certificate given by the learned judge who presided at the trial shows upon its face to have been given pursuant to the authority contained in chapter 733 of the Laws of 1872. This was an act making appropriations for the expenses of the government, and for supplying deficiencies in former appropriations, as expressed in the statute. In the body of section 2 is found the provision relied upon, and it provides that after the passage of the act the district attorney of any county in which an important criminal case is to be tried, with the approval of the county judge of the county, such approval to be filed in the county clerk's office, may employ counsel to assist him in such trial, and the cost and expense thereof to be certified by the judge presiding on such trial, and the same shall become a county charge upon the county in which the indictment is found, and shall be assessed, levied, and collected by the board of supervisors at the next annual assessment for the levy and collection of county taxes after the service shall have been performed, and be thereafter paid over to the party entitled to the same. In 1874 the legislature passed another act, being chapter 323 of the Laws of that year, entitled "An act making appropriations for certain expenses of government, and supplying deficiencies in former appro-

priations." In the body of section 2 of this act is found a provision relating to, and in all respects covering, the same subject as was provided in the act of 1872. The language is in all respects similar, and in substance is the same, as in the first enactment, so far as it conferred authority upon the district attorney to employ counsel with the approval of the county judge of the county. The provision for certification and the method of collection and payment over to the party entitled thereto are in all respects the same as in the first act. The later act further makes provision for the appointment and payment of counsel assigned and designated by the governor or attorney general at the request of the district attorney. The section also contains a limitation upon the governor or attorney general to designate or appoint such counsel, and the state is exempted from liability for payment for such service. It is clearly evident, therefore, that the later enactment covers the whole subject-matter of the first enactment, and was plainly intended to furnish the only law upon the subject. The later act, it is true, contains no repealing clause, nor does it purport to amend the former statute, but it does, in terms, cover the whole subject-matter of the prior enactment upon this subject. It is true that the repeal of a statute by implication is not favored in law, but where, as here, the subject-matter of a former enactment is entirely covered and embraced in the subsequent statute, the former statute will be held to be repealed by necessary implication. It is too plain for argument that the latter statute, in the present case, repealed the former enactment by implication. In re New York Institution for Instruction of Deaf and Dumb, 121 N. Y. 234, 24 N. E. 378; Heckmann v. Pinkney, 81 N. Y. 211. This provision of the act of 1874 continued to be in force until the passage of chapter 686 of the Laws of 1892 known as the "County Law." In the schedule of repealed laws attached to that enactment the clause of section 1 of the act of 1874 was, in terms, repealed. Specific attention being called to the subject-matter upon which the repeal operated, and by section 204 of this act the provision of the Laws of 1874 was re-enacted so far as it authorized the district attorney to employ counsel by and with the approval of the county judge. By virtue of section 1 of the act of 1892, however, the county of New York is excepted from the operation of the provisions of the act. It is clear, therefore, that at the time when the learned judge made the certificate, which has been made the basis for the authority conferred by the act under which it was assumed to be given, because the same was repealed, there was no other provision of law which authorized the judge to make such certificate in the county of New York. The certificate, therefore, imposed no liability upon the city or county of New York to pay the sum certified, nor does the service which has been rendered impose any liability upon the city or county, payment of which may be enforced by mandamus.

This conclusion renders it unnecessary to discuss whether or not the acts of 1872 and 1874 had application to the city of New York, or whether the judge presiding at the trial, if they did so

apply, had authority to "fix" the compensation, as well as to certify its amount.

The conclusion reached in this case is not to be construed as depriving the district attorney of the right to employ and have the assistance of counsel in a proper case.

The order appealed from should therefore be reversed, with costs, and the motion denied, with costs. All concur.

Argued before VAN BRUNT, P. J., and PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

