(35 Misc. Rep. 454.)

### PEOPLE ex rel. McINTYRE v. COLER, Comptroller.

(Supreme Court, Special Term, New York County. July, 1901.)

1. MANDAMUS—JUDICIAL ACTS—COLLATERAL ATTACK.
　　Laws 1872, vol. 2, c. 733, p. 1753, and Laws 1874, c. 323, p. 387, declare that the district attorney for any county in which an important criminal case is to be tried may, with the approval of the county judge, employ counsel to assist in such trial; the cost to be certified by the judge presiding at such trial, and to be a charge on the county. Plaintiff was retained by the district attorney to assist in a criminal prosecution, and his bill for a certain sum for his services was certified by

the judge presiding at the trial. *Held*, that the judge's act was a judicial one, which cannot be questioned in a collateral proceeding for mandamus to compel payment of the charge.

2. SAME—STATUTES—REPEAL.

Such statutes still apply to the county of New York, being unaffected by the subsequent county law (Laws 1892, c. 686), which expressly provides that it shall not apply to the county of New York.

Proceeding by the people, on the relation of John F. McIntyre, for a writ of peremptory mandamus to compel the payment of relator's certified charge for his services as prosecutor in a criminal prosecution, against Bird S. Coler, comptroller. Writ granted.

John F. McIntyre, in pro. per.
Eugene A. Philbin, Dist. Atty., for respondent.

McADAM, J. The relator, an attorney and counselor at law, was duly retained by the district attorney of New York county to take the principal part as prosecutor in the second trial of Dr. Samuel J. Kennedy for murder in the first degree. It was an important prosecution, and the relator, having acted in the same capacity on the first trial, was familiar with the facts, and therefore deemed peculiarly qualified for the work. The authorization was made under an act of the legislature, and whether that statute be chapter 733 of the Laws of 1872 (volume 2, at page 1753) or chapter 323 of the Laws of 1874 (page 387) is of no consequence. In substance, each of said provisions declares that the district attorney for any county in which an important criminal case is to be tried may, with the approval of the county judge, filed in the county clerk's office, employ counsel to assist him in such trial; the cost and expense thereof to be certified by the judge presiding at such trial, to be a charge on the county in which the indictment was found, to be assessed, levied, and collected by the board of supervisors of such county at its next annual assessment, levy, and collection of county taxes after the performance of such services, and thereupon to be paid over to the party entitled to the same. The services commenced January 2, 1901, and terminated February 25th following, and for such services the relator duly presented a bill for $7,500, which was submitted for certification to Mr. Justice Fursman, who presided at the trial, and he reduced the amount to $5,000, at which sum he certified the bill. On presentation of the certification to the comptroller he declined to pay the bill, his contention being that the charge was excessive. The relator therefore applies for a mandamus to compel payment of the sum certified. It seems to be objected that the act relied on was repealed by the county law (Laws 1892, c. 686). But section 1 of the last-named statute expressly provides that it shall not apply to the county of New York; so that the former statute applicable to the county of New York in the respect named is unaffected by the present county law. The object of the act relied upon by the moving party was to enable the presiding justice—the person best qualified to determine the value of legal services rendered before him—to tax the same, and in People v. Board of Education, 26 App. Div. 208, 49 N. Y. Supp. 915, where

a justice of the supreme court had acted under a similar statute, the court held that his conclusions would not be questioned collaterally, and that payment of the bills allowed by him was properly compelled by mandamus. To hold otherwise would determine that this court at special term might review the adjudications of a co-ordinate branch of the court having exclusive jurisdiction in the premises. If the district attorney was dissatisfied with the amount fixed by Mr. Justice Fursman, he should have appealed from the order granting such sum. Not having done so, he is concluded by the certificate. The relator is, therefore, entitled to the peremptory writ, with costs.