(36 Misc. Rep. 316.)
### PEOPLE v. McELVANEY (two cases).

(Court of General Sessions, New York County. November, 1901.)

CRIMINAL LAW—ATTORNEY APPOINTED BY COURT—COMPENSATION.

Under Code Cr. Proc. § 308, authorizing an appointment of counsel in a capital case where defendant appears without counsel, and compensation for services, not exceeding $500, which shall be charged to the county, where two defendants indicted for murder in the first degree demand and receive separate trials, an attorney who has been assigned as counsel for each may be allowed compensation for his services to each, and the aggregate amount thereof may exceed the sum of $500.

Thomas B. McElvaney was convicted of manslaughter. William McElvaney was indicted for manslaughter, and discharged on his own recognizance. Motion by the comptroller of the city of New York to amend an order allowing compensation to the attorney assigned as counsel for the accused to $500. Motion denied.

John Whalen, Corp. Counsel (George Hill, of counsel), for the motion.

Hal Bell, opposed.

FOSTER, J. The two defendants above were both indicted for murder in its first degree in the same indictment filed herein August 7, 1901. Thereafter the two defendants were arraigned, apparently at the same time, and upon such arraignments Hal Bell, Esq., was duly assigned as the counsel for each defendant by his honor, the recorder, before whom the arraignment was had. Each defendant demanded a separate trial, as was his right. Code Cr. Proc. § 391. This wrought a complete severance, and thereafter the proceedings were as though the two defendants had been separately indicted. On September 10, 1901, the action against Thomas B. McElvaney was moved for trial, and upon the recommendation of the district attorney a plea of manslaughter in its second degree was accepted, upon which the defendant (Thomas B. McElvaney) was duly sentenced to the state prison for five years. On September 13, 1901, the action against William McElvaney was moved for trial, and upon the recommendation of the district attorney the defendant (William McElvaney) was duly discharged on his own verbal recognizance. Thereafter, and upon sufficient affidavits, the court allowed the counsel for Thomas B. McElvaney $350 for his services in that action, and the further sum of $300 for his services in the action against William McElvaney. The comptroller now moves to amend the order allowing compensation by limiting the total allowances for the defense of the two defendants to the sum of $500, because it is claimed the court is without power to allow more.

Until the enactment of the law hereinafter referred to there was no power in the court to order payment for the services, however meritorious and valuable, rendered by counsel assigned to defend those accused of crime. People v. Supervisors, 4 N. Y. Cr. R. 102; People v. Board, 78 N. Y. 622. The injustice of this, both to the bar and the accused, was most apparent, though the duty thus imposed by the court appears invariably to have been ably and conscien-

tiously discharged. The legislature, recognizing this injustice, has by repeated enactments and amendments provided (Code Cr. Proc. § 308):

"If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel. When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death * * * the court in which * * * the indictment is otherwise disposed of * * * may allow such counsel his personal and incidental expenses * * * and also reasonable compensation for his services, * * * not exceeding the sum of $500, which allowance shall be a charge upon the county, * * * upon the certificate of the judge or justice * * * disposing of the indictment."

It is contended by the learned corporation counsel that this statute must be strictly construed as tending to increase the taxpayers' admittedly onerous burdens, and as "an innovation upon the common law." I find on examination that the common practice has been, where more than one defendant has been thus accused of murder in its first degree in the same indictment, to make a separate allowance to the counsel, whether one or more, for each defendant, even though the aggregate exceed $500. Thus in the supreme court, in People v. Deegan and Gibson, jointly indicted, allowances were made to the one counsel assigned for the defense of the two defendants of $500 and $250, respectively, and other similar instances might be cited.

The statute refers to the "arraignment of the defendant," and to the assignment upon "such arraignment." The plain and evident reference is to the individual arraigned, and not to the act of arraignment. No provision of law requires either a joint indictment of defendants accused of the same crime or a joint arraignment of defendants if jointly indicted. The arraignment is several, even if not separate in point of time. If separately arraigned, can it be contended that the counsel then assigned for the one defendant must serve without pay, or that he must share his allowance with the counsel for the other defendant? If not, what matters it whether the arraignment and assignment is made on one day or another? The statute must be construed with a view to the mischief it is intended to remedy. The interests and the defense of the two defendants thus jointly indicted are seldom, if ever, identical, and thus double labor is cast upon counsel so assigned, for which, in fairness, he ought to be compensated. True, the court has no power by a supposed equitable construction to broaden the scope of the statute (Cantwell v. Coler, 70 N. Y. Supp. 756), but to my mind the plain intent, of the statute justifies the modest allowances herein made. There were two defendants; two arraignments, though simultaneous; and thereafter a complete severance (pursuant to section 391 of the Code of Criminal Procedure), and two separate and distinct dispositions of the indictment as to the two defendants. I see no good reason, therefore, for disturbing the order already made.

I have conferred with several of my associates on this subject, and understand them to agree with me in the conclusion reached.

Motion denied.