(39 Misc. Rep. 438.)

## PEOPLE v. DI MEDICIS.

(Court of General Sessions, New York County. December, 1902.)

1. CRIMINAL LAW—COUNSEL FOR ACCUSED—COMPENSATION.

Defendant was charged with murder in the first degree, and appeared by counsel, and pleaded not guilty. Thereafter the criminal court assigned counsel at a later term of the court, at which accused did not appear either for arraignment or trial. *Held*, that the court had no authority to make an allowance to such attorney who subsequently defended the accused, under Code Cr. Proc. § 308, providing that, if accused appear for arraignment without counsel, and counsel is assigned to him, the court, if defendant is tried, may allow such counsel reasonable compensation.

Carmine Di Medicis, indicted as Carmine De Mitteo, was charged with murder in the first degree. Application for an allowance to counsel for services in defending the accused. Denied.

Ambrose H. Purdy, for the motion.

FOSTER, J. This is an application for an allowance to counsel for services in defending the accused on the trial of an indictment charging murder in its first degree. The statute permitting such allowance is a recent innovation. Prior to its enactment there was no power in the court to allow compensation to counsel assigned by the court for the defense of those accused of crimes (People v. Board of Sup'rs of Onondaga Co., 4 N. Y. Cr. 102; People v. Board of Sup'rs of Niagara Co., 78 N. Y. 622), and yet, to the credit of the bar be it said that there is no record, or even suggestion, of the failure of counsel so assigned to render zealous and satisfactory services, even though without reward or hope of reward. Chapter 427 of the Laws of 1897 (Code Cr. Proc. § 308) provides that:

"If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel. When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death, * * * the court in which the defendant is tried or the indictment is otherwise disposed of * * * may allow such counsel his personal and incidental expenses, * * * and also reasonable compensation for his services in such court not exceeding the sum of five hundred dollars."

It will be observed that the statute refers specifically to the time of arraignment, and gives the court the power to make an allowance for services in pursuance of such assignment only when the defendant then and there appears "without counsel." The following section (309) of the Code of Criminal Procedure defines the "arraignment" referred to as follows:

"The arraignment * * * consists in stating the charge in the indictment to the defendant, and in asking him whether he pleads guilty or not guilty thereto."

In other words, the arraignment is what is commonly referred to as the "pleading."

In People v. Fuller, 35 Misc. Rep. 189, 71 N. Y. Supp. 487, referring to the statute in question, doubt was expressed as to the power

of the court to allow compensation to counsel assigned after arraignment, or unless assigned upon arraignment. The reasonable propriety of this rule is evident. If counsel is not satisfied with the prospects of compensation, he need not appear. If he does appear, it is right and proper that he should look to his client, the defendant, and not to the state for compensation. An examination of the record herein discloses that on June 27, 1902, the defendant was duly arraigned, and, with due appearance of counsel, his plea of not guilty was duly entered. No assignment was then made, because the defendant did not appear "without counsel," and thus the court was without jurisdiction or power to assign counsel. Probably the rule laid down in People v. Fuller, supra, explains why the appearance was interposed, and the chance taken of applying for an assignment to another judge. At another term of the court, and before another judge, and at a time when the defendant neither appeared for arraignment nor for trial, it appears that counsel was assigned. It does not appear that when application was so made for the assignment herein the attention of the court was drawn to the facts that the defendant had been duly arraigned at a prior term of the court, or that counsel had duly appeared on such arraignment, or that the defendant's plea had been thereupon duly had and entered. The assignment, therefore, if not applied for with an expressio falsi, was secured by a suppressio veri. While the statute in question, being remedial, should be reasonably and liberally construed, it cannot and should not be stretched beyond the plain intendment of its language. Thus it has been held that, unless the indictment is finally disposed of, there is no power in the court to order compensation to counsel. People v. Coler, 61 App. Div. 598, 70 N. Y. Supp. 755, which also distinctly holds that the court has no power by a supposedly equitable construction to broaden the scope of the statute, and the "personal and incidental expenses" mentioned have been so limited as not to include moneys paid for expert testimony. People v. Coler, supra. It follows, therefore, that the assignment under which counsel claims compensation herein is not such an assignment as the statute requires to confer upon the court the power to allow compensation, and that for the facts and reasons stated the motion herein must be denied.

Motion denied.