(40 Misc. Rep. 19.)

PEOPLE ex rel. ACRITELLI et al. v. FOSTER Justice of Court of General Sessions.

(Supreme Court, Special Term, New York County. February, 1903.)

1. CRIMINAL LAW—CAPITAL CASE—ASSIGNMENT OF ATTORNEYS—COMPENSATION.
    Under Code Cr. Proc. § 308, authorizing an assignment of counsel in criminal cases, where the indictment charges an offense punishable with death, to such defendants as appear for arraignment without counsel, the court may compensate counsel who appear at the arraignment and were afterwards assigned before the commencement of the trial.

2. MANDAMUS TO JUDGE.
    The Supreme Court will compel by mandamus a judge of the General Sessions of the Peace, before whom a capital case was tried, to act on an application of attorneys appointed by him in such case for compensation, where he refused to act solely on the ground of want of power.

Application by the people, on the relation of Frank Acritelli and Peter F. Acritelli, for writ of mandamus to Warren W. Foster, justice of the Court of General Sessions. Writ granted.

C. B. F. Barra (Lewis Stuyvesant Chanler, of counsel), for relator.
George L. Rives, Corp. Counsel (Theodore Connoly and George Landon, of counsel), for respondent.

FITZGERALD, J. Relator, as assignee of counsel who was assigned under the provisions of section 308, Code Cr. Proc., to defend one De Medices (who had, prior to assignment of said counsel, been indicted for murder in the first degree), applies for a writ of peremptory mandamus directed against Hon. Warren W. Foster, judge of the Court of General Sessions, requiring him to determine and allow reasonable compensation for the services as such counsel of his assignor. Judge Foster presided at the trial of the accused, who was acquitted by the jury. Application was subsequently made to him as trial judge for compensation for services rendered by counsel under the assignment, but was refused. No order was entered upon this decision, nor would it have been appealable if entered. People v. Heiselbetz (Sup.) 51 N. Y. Supp. 685. The learned judge, however, in an opinion handed down, a copy of which is attached to the papers submitted in opposition to this motion, takes the position that he is without discretion in the matter, and that, as he interprets the law (section 308, Code Cr. Proc.), unless the defendant appears without counsel when arraigned, the court is without power to allow compensation. A brief resumé of the facts will illustrate this point.

It appears that defendant in the capital case appeared before re-

spondent, sitting as a judge of the Court of General Sessions, Part I, June 27, 1902, for arraignment upon an indictment found against him on June 12th preceding by the grand jury of the county; that upon said arraignment defendant appeared with counsel and pleaded "not guilty"; that thereafter, and on the 8th day of July following, an application was made to a justice other than the respondent, sitting in the same part, and that the order attached to the moving papers was then and there obtained. Respondent takes the position that as a matter of law, under these circumstances, there is no power under the statute to award compensation. I do not agree with this view of the law. The statute in question is of a remedial nature, and should receive reasonable construction. "Is not the real question what the people meant, and not how meaningless their words can be made by the application of arbitrary rules?" Cooley, Const. Lim. (6th Ed.) c. 14, p. 75. To what extremes would this circumscribed interpretation lead us? If counsel assigned upon the arraignment should die or become from any cause unable to appear upon the trial, are the beneficent purposes of the Legislature to be defeated? If the accused for good cause became dissatisfied with counsel assigned in the first instance, should the court be deaf to his complaint, or, if satisfied that it was well founded, be powerless to extend relief? At common law the object of the arraignment was to obtain the plea, but if the plea was voluntarily made without it, and accepted by the court, nothing more was required (1 Bishop, Cr. Proc. [3d Ed.] § 733); and it has been the invariable practice of criminal courts to assign counsel to a defendant at any time before the commencement of a trial. Can it be contended that the power to so assign is exhausted unless made at the arraignment in accordance with the strict language of section 308? To hold so would be to deny a power in courts which has never before been questioned, and which has been exercised under the written and unwritten law of the state since a remote period of its history. In strong contrast with such limitation is the language of the Court of Appeals in People v. Ferraro, 162 N. Y. 545, 57 N. E. 167.

"We have repeatedly held that said section 308, when construed in the light of the several progressive changes made by the Legislature, means that the limitation imposed by the words 'not exceeding the sum of $500' applies to the trial court and to the appellate court separately, and not collectively."

Some suggestion is made that section 308 of the Code of Criminal Procedure (Laws 1897, p. 569, c. 427) is unconstitutional; that it is violative of article 8, § 10; but the court at Special Term, in view of the many adjudications had under it, does not feel called upon to pass upon this question, being mindful, moreover, of the fact that there are decisions in other states which have held similar provisions valid.

There is some suggestion of impropriety in regard to the manner in which the order assigning counsel was obtained, but I am not called upon to express any opinion upon that matter. It well may be a subject proper to be considered by the trial judge upon the question of what compensation should in fairness be allowed; but the refusal herein is placed squarely upon what it is claimed is a want of

power, and the only question involved in this proceeding is the single one as to whether or not upon the conceded facts the discretion to compensate, and to what extent, might have been lawfully exercised by respondent. This court cannot of course interfere with the discretion of the Court of General Sessions, and if that discretion had been exercised a mandamus would not lie, but it is the proper remedy where "some legal right has been refused or violated, and there is no other appropriate legal remedy." People ex rel. Oebricks v. Superior Court of the City of N. Y., 5 Wend. 115.

The writ, then, will be allowed to the extent that respondent be directed to act upon the application. Ordered accordingly.