THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTONIA TRIOLA, Appellant.

APPEAL — COMPENSATION TO COUNSEL ON APPEAL IN CAPITAL CASE UNDER SECTION 308 OF THE CODE OF CRIMINAL PROCEDURE. An application to the Court of Appeals pursuant to section 308 of the Code of Criminal Procedure, to fix the compensation of counsel for services rendered on appeal in a capital case, will be denied where the sole object of the appeal was to secure delay for the defendant.

(Decided June 16, 1903.)

APPLICATION under section 308 of the Code of Criminal Procedure to fix the compensation of counsel for services rendered on appeal in a case where the defendant was under sentence of death. (See 174 N. Y. 324.)

The facts relating to the application, so far as material, are stated in the opinion.

PARKER, Ch. J. This is an application to this court, pursuant to section 308 of the Code of Criminal Procedure, to fix the compensation of counsel for services rendered on appeal in a case where defendant was under sentence of death.

The appeal resulted in an affirmance. Indeed, there was

not a debatable question of any kind presented by the record, and we said in disposing of the case : "Notwithstanding the defendant's guilt was conclusively established, and the trial was free from error, nearly two years have passed away since defendant's conviction." (*People* v. *Triola*, 174 N. Y. 324.) As delay in the prosecution of criminal appeals had become so common as to constitute an abuse, and the delay in that case, while not so great as in a few others, furnished a good illustration of that species of public injustice, expression of the court's views thereon was made in order to bring about a correction of a wrongful tendency.

We are now asked to determine how much compensation, not exceeding the limit of $500, defendant's counsel shall receive for their services. The state attempts to safeguard the life and liberty of citizens, and as one of the steps in that direction secures to them, if under indictment, the services of counsel learned in the law to conduct their defense ; and when the crime charged is punishable by death the state provides for the payment of counsel assigned to such duty. In other words, the state provides compensation to counsel for services rendered to it in securing a fair trial for the accused, and in case of a conviction, in conducting an appeal where there seems to be any reasonable justification for calling upon the appellate court to reverse the judgment.

Desirable as it may seem, however, to one convicted of murder in the first degree to delay as long as possible the punishment which the law metes out to such offenders, the state does not aim to further his wishes in that direction ; and any effort of counsel to that end is not in furtherance of the duty which the state assumes toward one so situated, and delegates to chosen counsel. Hence it is not such service as the state undertakes to provide.

The legislature has placed upon this court the responsibility of determining how much compensation not exceeding $500 shall be awarded on appeals to this court in capital cases, and, clearly, compensation should not be awarded where the service is manifestly not in furtherance of the state's policy toward a

convict, but is in opposition to it, in that its purpose is to hinder and delay the administration of the law. No services were rendered by defendant's counsel on the appeal in this case, in our view, with any other object than to secure delay for defendant, and hence, however kindly meant, should not be compensated for by the state.

The application should be denied.

GRAY, O'BRIEN, BARTLETT, MARTIN, HAIGHT and VANN, JJ., concur.

Application denied.