In re WALDHEIMER et al.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. CRIMINAL LAW—ASSIGNING ATTORNEY TO DEFEND ACCUSED—ALLOWING EXPENSES.

Lawyers assigned to the defense of a criminal employed another lawyer to aid them in gathering testimony. *Held*, that his bill for services did not constitute "personal and incidental expenses," within the meaning of Code Cr. Proc. § 308, and compensation could not be allowed defendant's counsel therefor.

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Application by Philip Waldheimer and another for a writ of peremptory mandamus directed to Edward M. Grout, as comptroller of the city of New York. Writ issued, and defendant appeals. Reversed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Theodore Connoly, for appellant.
Charles Simon, for respondents.

HATCH, J. It appears by the petition in this proceeding that the relators were appointed and assigned to defend one George Slater in the Court of General Sessions for the Peace in and for the county of New York, who was under indictment, charged with the crime of murder in the first degree, pursuant to the provisions of section 308 of the Code of Criminal Procedure; that the counsel so appointed and assigned incurred incidental expenses for services in the sum of $90; that after rendition of the services under the assignment, and the incurring of the expenses, the relators applied to a judge of the Court of General Sessions of the Peace for an allowance, pursuant to the provisions of the Code of Criminal Procedure; that the judge so presiding fixed the sum of $500 as reasonable compensation for the services, and directed an order to be entered to that effect. The court also granted its certificate that the sum of $90 was reasonable compensation for personal and incidental expenses of counsel. The relators presented the order and the certificate to the comptroller of the city of New York, and demanded payment thereof. The comptroller paid the allowance of $500 as compensation, but refused to pay the allowance of $90 for personal and incidental expenses. Upon such refusal the relators made application for a writ of mandamus, which was granted, and from the order entered thereon, granting the same, the defendant appeals.

The bill for incidental services and expenses is set out in the petition, and made a part thereof. It appears therefrom that services were performed by one Charles Simon, an attorney and counselor at law, under employment by the relators to investigate and confer with various persons, who are referred to in detail in the account, and take their statements concerning the transaction, the subject of investigation upon the trial. From the bill it appears that, under

specified dates for each specified act, Simon made a uniform charge of $5. There are 18 items in all, amounting in the aggregate to the sum of $90. Each item is for conference with persons therein named, taking statements, etc., except one, which is a charge for preparing a diagram of the premises where the alleged crime was committed. The charge for this item is the same as for the others. This service constitutes the incidental expense incurred by the relators, and for which the judge has granted his certificate. It is evident from the bill that Simon was employed to look up witnesses and see to the marshaling of evidence for use upon the trial. A case is therefore presented where lawyers assigned to the defense have employed another lawyer to aid them in gathering testimony for use upon the trial, and it is sought to bring this service within the meaning of "personal and incidental expenses," provided for in section 308 of the Code of Criminal Procedure. It is evident that such expenses are not within the Code provisions. This question was authoritatively determined in Cantwell v. Coler, 61 App. Div. 598, 70 N. Y. Supp. 755, affirmed on appeal on the opinion below in 168 N. Y. 643, 61 N. E. 1132. Therein the application was for a writ of mandamus requiring the comptroller to allow counsel compensation for expert witnesses as to handwriting, who were sworn upon the trial of an indictment charging murder in the first degree. The court below having granted a mandamus directing the payment of the expenses so incurred, this court, in reversing that order, through Mr. Justice Patterson, said:

"The relators seek to sustain the allowance for witness charges upon the ground that they are incidental expenses.' They were undoubtedly expenses of a trial, such as would ordinarily be borne by a party to an action. The personal and incidental expenses for the payment of which provision is made are such as relate to those incurred by counsel on his personal account. The word 'incidental,' as used in the statute, is associated with the word 'personal,' and is used conjunctively. It does not confer authority upon the counsel to make contracts of a special character, involving a large liability to be cast upon the county, for by the section of the Code cited the compensation and the personal and incidental expenses of counsel are made a county charge. The word 'incidental,' as used in the statute, must be construed in accordance with its ordinary meaning, which is: 'Of minor importance, occasional, casual, as incidental expenses'; 'something subordinate or casual; often used in the plural to mean minor expenses ' (Cent. Dict.). We cannot construe this section of the Code as so enlarging the meaning of the word 'incidental' as to give authority for the allowance as a county charge of such items of expenditures as those now claimed by the relators."

This language is decisive of the present case, and condemns the allowance which has been made. The employment of additional counsel for the purpose of investigating witnesses is not within the meaning of the words "incidental and personal expenses," as used in the Code. It may be that the relators were necessarily obliged, in the proper conduct of the case, to employ an attorney to consult with persons, in order to learn whether their knowledge would be beneficial to the prisoner upon the trial. So, also, it was essential and necessary for the counsel in the case which we have cited to obtain the attendance of expert witnesses, which he could only procure by making compensation, yet the court held such expense was not embraced within the Code provisions, and could not be allowed. These ex-

penses fall in the same category, and therefore the result must be the same.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the application dismissed. All concur, except LAUGHLIN, J., who dissents.