## Supreme Court—Appellate Division—Third Department.

January, 1905.

## THE PEOPLE v. HARVEY D. MONTGOMERY.

(101 App. Div. 338.)

ALLOWANCE TO COUNSEL—MAY BE MADE FOR EACH OF SEVERAL TRIALS— CODE CRIM. PROC. § 308.

Where defendant is convicted of murder at a trial term of the Supreme Court, and the conviction is reversed and the defendant is again tried, the defendant's counsel assigned by the court to defend him is entitled to an allowance not exceeding $500 for each of the trials.

APPEAL by the defendant, Harvey D. Montgomery, from so much of an order of the Supreme Court, made at the Otsego Trial Term and entered in the office of the clerk of the county of Otsego on the 7th day of May, 1904, as provides "that no sum or amount whatever be paid to the said (defendant's) counsel for the services rendered by them on the said second trial on the ground that there is no authority therefor."

The defendant was tried for the crime of murder in the first degree at a Trial Term of the Supreme Court held in the county of Delaware, over which Mr. Justice SEWELL presided. That conviction was reversed by the Court of Appeals (176 N. Y. 219, 17 N. Y. Crim. 503), and a second trial was had in the county of Otsego at a Trial Term of the Supreme Court at which Mr. Justice MILLER presided. At the close of the first trial the defendant's counsel received, upon the certificate of Mr. Justice SEWELL, the sum of $500 besides their disbursements, pursuant to section 308 of the Code of Criminal Procedure. After the determination of the appeal by the Court of Appeals the defendant's counsel received, upon the certificate of that court, a further sum of $500. At the close of this second trial, upon the application of the defendant's attorneys for a

further allowance of $500, the learned justice has denied the application therefor upon the ground of want of power, the order reciting that the services rendered by the defendant's counsel upon said second trial were reasonably worth the sum of $500.

C. R. O'Connor, for the appellant.

George A. Fisher, for the respondent.

SMITH, J.: The determination of this appeal rests upon the construction of section 308 of the Code of Criminal Procedure. This section requires the court to assign counsel for the defense of an indigent criminal who desires the aid of counsel, and it further provides: "When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death or on an appeal from a judgment of death, the court in which the defendant is tried or the action or indictment is otherwise disposed of, or by which the appeal is finally determined, may allow such counsel his personal and incidental expenses, . . . and also reasonable compensation for his services in such court, not exceeding the sum of five hundred dollars, which allowance shall be a charge upon the county in which the indictment in the action is found, to be paid out of the court fund, upon the certificate of the judge or justice presiding at the trial or otherwise disposing of the indictment, or upon the certificate of the appellate court. . . ." The court presided over by Mr. Justice MILLER, at which this application was made, was the court in which the defendant was tried upon an indictment upon which a conviction would require the infliction of the penalty of death. Authority to that court to grant this allowance would come within the very letter of the statute unless such allowance be prohibited by the fact that another court

presided over by a different justice in another county had granted an allowance of $500 upon a former trial. To this statement of the proposition respondent objects that the former allowance was by the same court, to wit, the Supreme Court, and not by another court. This objection raises the pivotal question here for decision as to the intention of the Legislature in using the expression in the statute "the court in which the defendant is tried." I am unable to escape the conviction that the legislature meant to refer to the court at the specific term at which the defendant was tried, and that a prior trial at another term is, within the fair construction of the statute, a trial by another court. Ordinarily all trials for murder in the first degree must be held in the Supreme Court. In the city of New York, however, the criminal court has jurisdiction of such trials. It is not uncommon in the city of New York, where more than one trial is had upon a charge of the crime of murder in the first degree, that one trial is had in the criminal court and another in the Supreme Court. In such a case I see no reason why either court has not full authority to grant the allowance of $500, and no objection could be raised thereto by reason of the fact that the other court had theretofore granted a similar allowance. It does not seem to me probable that different rights were intended to be given in the city of New York and outside of that city, where the successive trials must be had in the Supreme Court. Prior to 1893 an attorney was required to defend an indigent criminal without compensation, if assigned to that duty by the court. (Code Crim. Proc. [Laws of 1881, chap 442] sec. 308; People ex rel. Brown v. Board of Supervisors of Onondaga, 3 How. Pr. [N. S.] 1, 6, s. c. 4 N. Y. Crim. 102; affd., 102 N. Y. 691.) In 1893 a statute, amending section 308 of the Code of Criminal Procedure, was passed which authorized the court in which the defendant was tried to allow reasonable compensation to an attorney so assigned to defend a criminal charged with a

crime the punishment for which was death. (Laws of 1893, chap. 521.) I assume that under the statute successive allowances might have been made after successive trials so long only as the allowance did not exceed a reasonable compensation. In 1897 the statute was passed as above quoted, and, with some other minor changes, the $500 limitation was inserted. In my judgment that limitation was intended to apply only to a single trial or a single appeal, and successive allowances may be granted upon successive trials by the court at different terms, each allowance within the limitation prescribed by the statute. Under this section it has been held in People v. Ferraro (162 N. Y. 545, s. c. 15 N. Y. Crim. 60) that the section applies to the Trial Court and Appellate Court separately, so that the granting of an allowance of $500 by the Trial Court would not prevent the granting of another allowance of $500 by the Appellate Court. In that case the court says: "We have repeatedly held that said section, when construed in the light of the several progressive changes made by the legislature, means that the limitation imposed by the words 'not exceeding the sum of five hundred dollars' applies to the Trial Court and to the Appellate Court separately, and not collectively."

I see no more reason, however, for construing the statute to authorize a separate allowance of $500 for the trial and for an appeal than for construing the statute to allow an allowance by each Trial Court before which the defendant is tried for his life. The contention that the Supreme Court is the court in which both trials were had, and thus within the wording of the statute "the court in which the defendant is tried," is, in my judgment, too narrow in view of the recognized policy of the Legislature to grant reasonable compensation to attorneys who are required to defend indigent criminals.

I advise, therefore, the reversal of the order, with leave to defendant's counsel to apply to Mr. Justice MILLER for a

certificate within section 308 of the Code of Criminal Procedure.

All concurred.

Order reversed, without costs, with leave to defendant's counsel to apply for certificate under section 308 of the Code of Criminal Procedure.

### NOTE ON COUNSEL'S COMPENSATION UNDER SECTION 308, CODE OF CRIMINAL PROCEDURE.

A note on this subject will be found in this series (vol. 15 at page 523). Many decisions have been since handed down and that note, as it now stands, is inadequate. Most of the cases which relate to the subject are contained in this series, and we abstract them according to their salient features.

Section 308 has been twice amended. The section, in its original form, provided merely for the assignment of counsel. The two amendments, introduced by L. 1893 chap. 521; and by L. 1897 chap. 427, provide for compensation. The original section and the amendments may be conveniently compared by reference to the Heiselbetz opinion (13 N. Y. Crim., at page 224).

*The section constitutional.*—Section 308 does not violate the provisions of art. 8, sec. 10 of the State Constitution which prohibits the giving of public money in aid of any individual. (People ex rel. Acritelli v. Grout, 87 App. Div. 193, 18 N. Y. Crim. 1; affd. 177 N. Y. 587, on prevailing opin. below.)

*Exclusiveness of the section.*—The cases all declare that the sole authority for making allowances to counsel is to be found in section 308, and that no allowance can be made which is not authorized by the section. (People ex rel. Acritelli v. Grout, *supra;* People v. Montgomery, main case *supra;* People v. Fuller, 35 Misc. 189, 15 N. Y. Crim. 473; People v. McElvaney, 36 Misc. 316; People v. Di Medicis, 39 Misc. 438; 17 N. Y. Crim. 163.)

These cases cite and approve the doctrine of the earlier cases, decided before the enactment of the section. (People v. Supers. Albany Co., 28 How. Pr. 22; People ex rel. Ransom v. Supers., 78 N. Y. 622; People ex rel. Brown v. Supers. Onondaga Co., 4 N. Y. Crim. 102; affd. 102 N. Y. 691, on opin. of Vann, J., below.)

" There is nothing in the suggestion of hardship in a particular case that aids in the construction of the statute." (People ex rel. Cantwell v. Coler, 61 App. Div. 598; 15 N. Y. Crim. 520; affd. 168 N. Y. 643, on opin. below.)

*Assignment; Time of assignment.*—Counsel should not be appointed whose names are suggested by the defendant; nor should counsel be appointed who solicit the appointment.    (People v. Fuller, 35 Misc. 189, 15 N. Y. Crim. 473.)    No new assignment is necessary in the Court of Appeals.    (People v. Strolla, 186 N. Y.    Memo.)

Section 308 seems to contemplate that counsel are to be appointed at the time of arraignment.    In one case, it was doubted whether counsel could receive any allowance unless appointed at such time.    (People v. Fuller, *supra.*)    In a later case, compensation was refused where counsel had been assigned subsequent to the arraignment of the prisoner.    (People v. Di Medicis, 39 Misc. 438, 17 N. Y. Crim. 163.)

This Di Medicis ruling was, however, effectively reversed.    A mandamus proceeding was brought in the Supreme Court; and the trial judge, who had declined the application, was subsequently directed to consider the application.    (People ex rel. Acritelli v. Foster, 40 Misc. 19.)    An allowance was thereupon made; but the Comptroller resisted payment.    He, in turn, was compelled by mandamus to pay the claim, and the courts declared that section 308 applied to counsel who actually took part in the trial, whether he was assigned at the time of arraignment or subsequent thereto.    (People ex rel. Acritelli v. Grout, 87 App. Div. 193, 18 N. Y. Crim. 1, affd. 177 N. Y. 587, on prevailing opinion below.)

*Proceedings upon which allowances may be made.*—There has never been any question as to the propriety of an allowance for services rendered at the original trial.    Some cases which construe the meaning of the word "trial" are now given.    If defendants are jointly indicted, but demand *separate trials* and are separately tried, counsel, though acting under a single assignment, is nevertheless entitled to separate allowances for each trial.    (People v. McElvaney, 36 Misc. 316.)    Counsel is entitled to a separate allowance for a *second trial* after a reversal.    (People v. Montgomery, main case, *supra.*)    Where, after assignment, a commission is appointed under § 658 Code Crim. Proc., and finds the defendant insane, the inquiry suspends the trial, and is not a trial, and no allowance can be made.    (People ex rel. Mullen v. Coler, Fitzpatrick's case, 61 App. Div. 538, 15 N. Y. Crim. 460.)

As far as services upon *appeal* are concerned, it is now settled that section 308 applies to the trial court and to the Court of Appeals separately, and not collectively; and that the Court of Appeals has power to grant an allowance for services rendered upon appeal.    (People v. Barone, 161 N. Y. 475, 14 N. Y. Crim. 378; People v. Ferraro, 162 N. Y. 545, 15 N. Y. Crim. 60.)

In the Ferraro case, counsel had been allowed $500 by the trial court. The Comptroller moved, in the Court of Appeals, to strike out the sum there allowed for compensation on the ground that the $500 allowed below exhausted the amount which could be allowed.    The motion was, however, unanimously denied; and the opinion suggested that such al-

lowances had been "repeatedly" made.    (People v. Ferraro, *supra.*)

Under the Barone and Ferraro opinions, the proper practice is to move in the Court of Appeals for the desired allowance.  These opinions supersede earlier opinions which had either declared or denied that the trial judge had authority to make an allowance for services rendered upon appeal.  (People ex rel. Evans v. Goff, Nino's case, N. Y. Law Jour., April 7, 1897; Matter of Purdy, McDonald's case, 28 Misc. 303, affd. *sub nom* People ex rel. Czaki v. Coler, 44 App. Div. 183.)    They also supersede certain expressions, in the opinions of the lower courts, to the effect that the limitation of $500 covers all services in all stages of the prosecution. (People v. Heiselbetz, 30 App. Div. 199, 13 N. Y. Crim. 223; Matter of Purdy; People ex rel. Czaki v. Coler, *supra;* People ex rel. Mullen v. Coler, *supra.*)

*Limit of allowance.*—Under the section, as amended by L. 1893 chap. 521, there was no limit to the amount which might be allowed.  BEEKMAN, J., held that the trial court might appoint any number of counsel, and that each might receive an allowance.    (People ex rel. Roth v. Fitch, Tuczkewitz's case, 51 N. Y. Supp. 683.)

The later amendment, introduced by L. 1897 chap. 427, limited the amount which might be allowed to $500.  Under the section, as amended in 1897, it has been consistently held that no more than $500 can be allowed for any single proceeding.    (People v. Heiselbetz, 30 App. Div. 199, 13 N. Y. Crim. 223.)

This, in effect, reversed the same case at Special Term (26 Misc. 100, 13 N. Y. Crim. 470).  What the Appellate Division actually did was to dismiss the appeal upon the ground that the order was not appealable; but the opinions pointed out that the sum of $500 was the limit upon any single proceeding, no matter how many counsel were assigned.  The decision of BEEKMAN, J., was distinguished as having been made under the earlier amendment of 1893, which put no limit upon the amount allowable.

This opinion in the Heiselbetz case expresses the accepted law.  It has been repeatedly cited (see Matter of Purdy; People ex rel. Czaki v. Coler; People ex rel. Mullen v. Coler, *supra*).  The main case also states the doctrine.    (People v. Montgomery, *supra.*)

An attempt was made to get an extra allowance for additional counsel by treating the excess as one of the "personal and incidental expenses" covered by section 308, but the item was disallowed.    (Matter of Waldheimer, 84 App. Div. 366, 17 N. Y. Crim. 381.)

*Determining the amount.*—Within the limit of $500, the court has discretion to determine the amount to be allowed.  In one case, the Court of Appeals intimated that the failure of counsel to aid the court by causing a proper case on appeal to be made might be considered in passing upon the application.  (People v. Barone, 161 N. Y. 475, 14 N. Y. Crim. 378.)

Later, in the Triola case, the conviction was affirmed, and counsel were reprimanded for needless delay (174 N. Y. 324). Subsequently they made an application for compensation. The court, however, took the ground that the appeal had been taken solely for delay, and refused compensation. (People v. Triola, 175 N. Y. 407.)

*Personal and incidental expenses.*—Section 308, as amended in 1895, made no provision for expenses. The amendment of 1897, however, provided that counsel might be allowed their "personal and incidental expenses." These expenses must be personal to the counsel, and of minor importance. For the classical definition of such expenses see (People ex rel. Cantwell v. Coler, Kennedy's case, 61 App. Div. 598, 15 N. Y. Crim. 520, affd. 168 N. Y. 643, on opin. below). This is the leading case, and has been repeatedly cited in the ensuing cases.

The following expenses have been held properly allowable as personal and incidental: The sum of $10 paid for a survey and diagram of the scene of the homicide (Matter of Monfort, 78 App. Div. 567); the sum of $100 paid an Italian interpreter to enable counsel, who did not speak Italian, to understand their own client and the witnesses whom they proposed to place on the stand. (Levy v. Grout, Cuoco's case, N. Y. Law Jour. Feby. 13, 1902, LEVENTRITT, J.)

The following expenses have been disallowed as NOT properly personal and incidental: The large sum of $950 paid to handwriting experts (People ex rel. Cantwell v. Coler, *supra*); sums paid to additional counsel who were retained to investigate witnesses, etc., (Matter of Waldheimer, 84 App. Div. 366, 17 N. Y. Crim. 381); the sum of $96.30 paid for transcripts of stenographer's minutes of the trial furnished day by day upon the sole authority and request of the attorneys. (Levy v. Grout, *supra*.)

Several of the foregoing cases are reported in the N. Y. Ann. Cas.; and four notes will be found in that series; vol. 5, p. 165; vol. 7, p. 119; vol. 10, p. 316, and vol. 12, p. 375. There is nothing material in those notes which has not been discussed in this note.

The cases above noted all hold that section 308 is the only authority for making allowances. Applications are, however, frequently made for allowances which are not justified by that statute. In this series there is a case in which WESTBROOK, J., ordered a copy of the minutes to be made at the expense of the county, to which the prisoner's counsel should have access. (People v. Willett, 3 N. Y. Crim. 54.) It is difficult to see where the learned justice got his authority to subject the county to any such expense. At any rate, if such authority exists, it should be sparingly exercised.

By L. 1860, chap. 135, district attorneys were directed to file in the county clerk's office "full and correct minutes or a copy thereof of the evidence" on criminal trials. Someone, who probably wished to get the

stenographer's minutes without paying for them, sought to mandamus the District Attorney of New York County to have all stenographic notes written out and filed. The application was denied by ANDREWS, J., on the ground that the full stenographic notes were not contemplated by the act, as stenographers were not generally employed in 1860, furthermore, that the expense would be enormous, and, in most cases, uselessly incurred; and that the probable object of L. 1860 was to provide a method by which the Governor could obtain the evidence in cases where application for pardon was made. (Doherty v. Martine, Dist. Atty., N. Y. Daily Register, Dec. 15, 1885.)

In a recent case, when the defendant was convicted of murder in the second degree, his counsel, upon proof that the defendant was destitute, moved "for an allowance to the defendant, for the purpose of printing his case on appeal," etc. The motion was opposed upon the ground that neither sections 308 nor 456 Code Crim. Proc. authorized the application. GOFF, R., denied the motion, saying briefly: "I am of opinion that there is no authority in law for the granting of this motion and it must therefore be denied." (People v. Ferone, N. Y. Law Jour. Court Note, Dec. 27, 1905.)

The attention of the reader is also called to four long opinions in Moynahan v. City of N. Y., N. Y. Law Jour., July 12, 1905, GILDERSLEEVE, J., in which the plaintiff, who was an official stenographer, brought suit against the city for furnishing copies of the minutes in four murder trials. Want of space prevents any discussion of these opinions. They contain an elaborate presentation of the many and complicated statutory provisions involved.

In the prior note in this series (15 N. Y. Crim. 523), the case of People ex rel. McIntyre v. Coler, 35 Misc. 454; 16 N. Y. Crim. 23, is mentioned. That was not an application under section 308; but involved an allowance to counsel retained by the District Attorney. We call attention to the case because it is no longer authority. McADAM, J., when he handed down this McIntyre decision, also handed down a like decision in People ex rel. Hennessy v. Coler (for both decisions see N. Y. Law Jour., July 5, 1901). An appeal was taken in the Hennessy matter, and the order below was reversed. (People ex rel. Hennessy v. Coler, 65 App. Div. 217.) This, we take it, was a virtual reversal of the McIntyre decision.

Another recent case in this series involving allowances to counsel for the District Attorney is People ex rel. Peck v. Bd. Supers., 61 App. Div. 545, 15 N. Y. Crim. 463, affd. 168 N. Y. 640. no opin.