THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTONIA TRIOLA, Appellant.

APPEAL — UNREASONABLE DELAY IN PRESENTING FOR ARGUMENT APPEALS FROM JUDGMENTS OF CONVICTION FOR MURDER IN THE FIRST DEGREE. A delay of nearly two years in presenting to the Court of Appeals for argument an appeal from a judgment convicting the defendant of the crime of murder in the first degree, in a case where it was not · claimed that there was any error in the admission or rejection of evidence and no exceptions were noted to the charge by eminent counsel for the defense and the record contains but seventy-three printed pages, is unreasonable, and the attention of counsel for the prosecution and defense is called to the duty which they owe the public of reasonable expedition in the disposition of such appeals.

(Argued March 27, 1903; decided April 7, 1903.)

APPEAL from a judgment of the Supreme Court, rendered April 29, 1901, at a Trial Term for the county of New York, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*Nathaniel Cohen* for appellant. The court erred in its charge to the jury. (*Cancemi* v. *People,* 16 N. Y. 501; *Remsen* v. *People,* 42 N. Y. 1; *People* v. *Elliott,* 163 N. Y. 14; *People* v. *Friedland,* 2 App. Div. 334; *People* v. *Lamb,* 2 Keyes, 360; *People* v. *Clemmens,* 42 Hun, 353; *People* v. *Wiliman,* 44 Hun, 187; *People* v. *Barberi,* 149 N. Y. 279; *McKenna* v. *People,* 81 N. Y. 362; *People* v. *Chartoff,* 72 App. Div. 558.)

*William Travers Jerome, District Attorney* (*Howard S. Gans* of counsel), for respondent. No exceptions were taken

to the court's charge, and even if any inaccuracy in the statement of propositions of law were presented thereby, this court would not be called upon to exercise its discretionary powers to set aside a just verdict. (*People* v. *Smith*, 172 N. Y. 210; *People* v. *Kennedy*, 164 N. Y. 449; *People* v. *Leonardi*, 143 N. Y. 360; *People* v. *Lyons*, 110 N. Y. 618.)

PARKER, Ch. J.    It is not disputed that defendant shot and mortally wounded Mamie Cirolli while she was going through the street at night in the company of her mother and one Sorrentino; but defendant undertook to prove that he fired in self-defense at Sorrentino, who had first fired on him.

Sorrentino and the girl's mother testified that defendant was following them and the girl; that he ran into the street and got ahead of the girl and fired five shots at her, one of which proved fatal. Six witnesses testified that when defendant was arrested he confessed his guilt and said he was sorry for it. Two letters in the handwriting of defendant were received in evidence in which he declared his intention of shooting Mamie Cirolli and indicated that his motive was jealousy. One of these letters was addressed to " Friends, Relatives and Parents," and was found on the person of defendant after his arrest. After giving a history of the relations between him and Mamie Cirolli, it closes as follows:

" Now, for her I have no forgiveness — if I don't miss her I hope to hit her mortally, and in vindication I will kill myself (mourning in her family, mourning in mine). I embrace my mother and uncle and I send an embrace to * * * all my relatives — Peppino will take vengeance. Salute all friends."

Defendant called four witnesses who testified that Sorrentino shot first and defendant fired one shot in return. But Sorrentino and the girl's mother swore that he fired no shots and had no revolver; a police officer testified that he searched Sorrentino at the station house and found nothing; also that there were five chambers empty in defendant's revolver; eight witnesses testified that there were only five shots fired.

The evidence is so conclusive that there can. be no doubt that defendant is guilty of the crime of which he has been convicted.

It is not claimed that the trial judge made any errors in admitting or rejecting evidence, and no exceptions were noted to the charge, although the learned counsel for the defendant, who has since died, was perhaps without a peer at the criminal bar.

An attempt is now made to criticise the charge, but the attempt has nothing to rest upon for the court fully and fairly instructed the jury as to the law which should govern their action, and carefully left to them the disposition of every question of fact.

Notwithstanding the defendant's guilt was conclusively established, and the trial was free from error, nearly two years have passed away since defendant's conviction — for his trial, which was a very short one, took place in April, 1901 — when two months would seem to furnish a reasonable time for the presentation of a case on appeal where the record contains but 73 printed pages.

In order to save the loss of time occasioned by a second review the General Term was deprived of the power of review in capital cases — and that power has been withheld from the Appellate Division — it being deemed for the public good that the punishment shall follow as speedily as possible the commission of the crime because of the supposed deterrent effect upon others of the punishment. But this policy of the law seems of late years to have been ignored in different parts of the state in many instances. Indeed, in one case more than three years were allowed to elapse between the judgment of conviction and the argument in this court — although the statute authorizes counsel to argue such an appeal on any day of the term — and on the very day this case was called another capital case was argued in which the judgment of conviction had been entered a year and seven months.

Unreasonable delays in this class of cases have so often, of

late, been forced upon our notice that we feel it our duty to call the attention of counsel for the People, as well as counsel charged with the duty of safeguarding the rights of convicted persons, to the duty which they owe the public of reasonable expedition in the disposition of such appeals; and we select this case, not because the delay herein has been exceptional as compared with other cases, but because it illustrates as well as any how appeals without merit may postpone the punishment — which the law intends shall speedily follow conviction — for indefinite periods, sometimes measured by years.

The judgment of conviction must be affirmed.

GRAY, O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Judgment affirmed.